SCANNED

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

MELISSA OSTRANDER, Plaintiff )
)
v. )      CIVIL ACTION NO. 04-30197-MPN
)
HUSSMANN CORPORATION, )
Defendant )

### NOTICE OF REMOVAL

To the Judges of the United States District Court for the District of Massachusetts:

The defendant, HUSSMANN CORPORATION, through its attorneys, MORIARTY, DONOGHUE & LEJA, P.C., hereby files this Notice of Removal of this action from the Trial Court, Superior Court Department for the County of Hampden, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, Western Section, and in support of this Notice states:

1.      As appears from the docket, files and records of the Trial Court, Superior Court Department, for the County of Hampden, Commonwealth of Massachusetts, Civil Action No. 2004-00875B, this cause of action was commenced on September 3, 2004. A summons and complaint were served by certified mail on the defendant on September 21, 2004. The summons and complaint purport to set forth claims for relief upon which the action is based. Copies of the summons and complaint received by said defendant(s) are attached hereto and marked Exhibits A & B.

2.      This is a civil action alleging the defendant is a successor in interest to the



manufacturer of a meat grinding machine and she lost all the fingers on one of her hands while working in Westfield, Massachusetts. The complaint purports to set forth claims in negligence, breach of warranty and G.L. c. 93A against the defendant.

3.    The plaintiff, Melissa Ostrander, alleges in the complaint that she is a resident of Westfield, Massachusetts.

4.    The defendant is incorporated in Missouri, and maintains its principal place of business at 12999 St. Charles Rock Road, Bridgeton, Missouri

5.    Jurisdiction in the Federal Court is founded on the complete diversity of citizenship between the plaintiff and defendant and on 28 U.S.C. §1332. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-five thousand Dollars ($75,000.00).

6.    This Notice of Removal is filed within thirty days of the defendant Hussmann Corporation's receipt of process in this action.

WHEREFORE, Hussmann Corporation, prays for the removal of the above-entitled action from the Trial Court, Superior Court Department, for the County of Hampden, to the United States District Court for the District of Massachusetts, Western Section.

HUSSMANN CORPORATION, Defendant


By _____
JOHN B. STEWART
MORIARTY, DONOGHUE & LEJA, P.C.
1331 Main Street
Springfield, MA 01103
Tel. (413) 737-4319

<u>AFFIDAVIT</u>

HAMPDEN, SS.

September 29, 2004

Then personally appeared the above-named John B. Stewart and made oath that he read the foregoing Notice of Removal and knows the contents thereof and that the facts as stated therein are true, before me



DENISE CHAMPAGNE
Notary Public, My Commission Expires: 4/11/08

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the within notice of removal was served upon each other party or counsel of record on September 29, 2004 by first class mail.

JOHN B. STEWART
MORIARTY, DONOGHUE & LEJA, P.C.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO.    04    875

MELISSA OSTRANDER
                              , PLAINTIFF(S)

            V.

SUMMONS

HUSSMANN CORPORATION
                              , DEFENDANT(S)

To the above named defendant: HUSSMANN CORPORATION    President or Person in Charge

You are hereby summoned and required to serve upon STEPHEN W. SILVERMAN ESQ.
73 State St., Suite 203, Springfield, MA 01103          , plaintiff's attorney, whose address is
you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before
service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the          17th
September                    in the year of our Lord two thousand four.                    day of

_Marie G. Mazza_
Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate
summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office. You need not appear personally in court to answer the complaint, but if you claim to have a defense,



COPY

## Commonwealth of Massachusetts
### DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS

SUPERIOR COURT
CIVIL No.    04    875

MELISSA OSTRANDER
**Plaintiff**

Vs.

HUSSMANN CORPORATION
**Defendant**

*CLERKS OFFICE SUPERIOR COURT HAMPDEN COUNTY*

*2004 SEP -3 P 3:00*

*B*

## PLAINTIFF'S COMPLAINT

1. This is an action for breach of warranty and negligence as a result of personal injuries and other damages sustained as a result of the use of a product manufactured by the defendant corporation.

2. The plaintiff MELISSA OSTRANDER [hereinafter MELISSA] is an individual residing at 9 Grove Street, Westfield, Hampden County, Massachusetts 01085.

3. The defendant HUSSMAN CORPORATION [hereinafter HUSSMAN] is a Missouri corporation having a principal place of business at 12999 St. Charles Rock Road, Bridgeton, Missouri, 63303. It, or companies such as Allied Store Utilities Co., with which it has merged or which it has acquired, has manufactured and distributed or caused to be distributed, meat grinder machines in the United States and substantially in the Commonwealth of Massachusetts.

4. On or about April 28, 2002 the plaintiff MELISSA was an employee of the deli at 54 Pleasant Street, Westfield, Massachusetts, engaged in various duties. One of her duties was to grind meat in a meat grinder [hereinafter GRINDER], manufactured and distributed by the defendant HUSSMAN, for retail sale to customers of the deli.

5. Said GRINDER was electrically operated, with an on/off switch. The meat was manually fed into the grinder by the operator and pushed down to engage a turning worm mechanism which caught the meat and pushed it through the grinder.

6. On or about April 28, 2002 the plaintiff MELISSA was feeding meat into the GRINDER with her hand due to the inefficiency and difficulty of using the stuffer device, when her hand was caught in the worm mechanism causing serious and permanent injuries.

7. The GRINDER was defective in, among other things, the following ways:

a. The absence of a guard with an automatic shut-off to prevent user's hand from contacting the worm;

b. Having a bowl or throat with a diameter large enough for a hand to be used to push or adjust meat;

c. The absence of an emergency off switch differentiated from the power on switch;

d. The possibility of the coasting of the worm after the machine is shut off.

## COUNT I – BREACH OF WARRANTY
## MELISSA OSTRANDER v. HUSSMANN CORPORATION

8. The Plaintiff restates the allegations in paragraphs 1-7.

9. The defendant HUSSMANN, or a subsidiary for which it is responsible, failed to adequately test, design and manufacture its grinder, thereby placing a defective product on the market which, during normal use by the plaintiff, caused serious personal injuries, medical expenses and loss of earnings and earning capacity.

10. The HUSSMANN grinder, by causing the plaintiff's injury during normal use, breached the implied warranties of merchantability and fitness under the Uniform Commercial Code, Section 2-314, 315, G.L., c. 206.

11. As a result of the defendant's breach of warranty, the plaintiff sustained serious personal injuries, loss of earning capacity, incurred medical expenses, lost enjoyment of life activities and was otherwise damaged.

12. Wherefore, the plaintiff says that the defendant HUSSMANN owes her a suitable sum to be determined by the jury plus costs and interest.

## COUNT II -- NEGLIGENCE
## MELISSA OSTRANDER v. HUSSMANN CORPORATION

13. The Plaintiff restates the allegations in paragraphs 1-7.

14. The defendant HUSSMANN, or those for whom it is responsible negligently failed to adequately design and manufacture the GRINDER and thereby was negligent, which resulted in injury to the plaintiff OSTRANDER.

15. As a result of the negligence of the defendant HUSSMANN, the plaintiff sustained serious personal injuries, loss of earning capacity, incurred medical expenses, lost enjoyment of life activities and was otherwise damaged.

16. Wherefore, the plaintiff says that the defendant HUSSMANN owes her a suitable sum to be determined by the jury plus costs and interest.

## COUNT III -- FAILURE TO WARN
## MELISSA OSTRANDER v. HUSSMANN CORPORATION

17. The Plaintiff restates the allegations in paragraphs 1-7.

18. As a result of the failure of the defendant HUSSMANN to warn the plaintiff and the users of the GRINDER of its dangerous condition, the plaintiff sustained serious personal injuries, loss of earning capacity, incurred medical expenses, lost enjoyment of life activities and was otherwise damaged.

19. Wherefore, the plaintiff says that the defendant HUSSMANN owes her a suitable sum to be determined by the jury plus costs and interest.

## COUNT IV
## UNFAIR OR DECEPTIVE BUSINESS PRACTICES- c. 93A
## MELISSA OSTRANDER v. HUSSMANN CORPORATION

20.  The plaintiff restates the allegations in paragraphs 1-7.

21.  The breach of the implied warranties of merchantability and fitness under the Uniform Commercial Code, as alleged in Count II, constitute an unfair or deceptive business practice in violation of G.L., c. 93A, §§2 and 9.

22.  Wherefore, the plaintiff says that the defendant owes her, in addition to any damages awarded under Count II, double or treble damages for a willful or knowing violation, plus reasonable attorney's fees, costs and interest to be determined by the Court.

23.  The plaintiff demands a trial by jury on all counts applicable.

MELISSA OSTRANDER – PLAINTIFF

By _____
STEPHEN W. SILVERMAN, ESQ.
73 State Street
Springfield, Ma. 01103
(413) 788-6188
fax: 736-4968
BBO# 463020

By _____
HAL ETKIN, ESQUIRE
14 Hubbard Ave.
South Commons
Springfield, MA 01105
(413) 739-9950
Fax: 413-731-8290
BBO# 543869

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

**PLAINTIFF(S)**
MELISSA OSTRANDER

**DEFENDANT(S)**
HUSSMAN CORPORATION

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Stephen W. Silverman, Esq. (413) 788-6188
73 State Street, Suite 203
Springfield, MA 01103  #463020

**ATTORNEY (if known)**

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | PRODUCTS LIABILITY | ( A ) | (X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................... $ 1,600.00
2. Total Doctor expenses ................................................................. $ 27,000.00
3. Total chiropractic expenses ......................................................... $ ........
4. Total physical therapy expenses .................................................. $ 10,000
5. Total other expenses (describe) ... prosthetic devices ................... $ 24,000.00
   Subtotal $ 62,600.

B. Documented lost wages and compensation to date ............................ $ 5,000
C. Documented property damages to date ............................................ $ ........
D. Reasonably anticipated future medical and hospital expenses ............. $ 50,000
E. Reasonably anticipated lost wages .................................................. $ 200,000
F. Other documented items of damages (describe) ................................ $1,000,000

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Plaintiff lost all fingers on her hand in a grinder.  She was eighteen years old at the time of the injury May 2002. She has been attempting to use prosthetic devices.

   TOTAL $ 1317,600

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ......

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence- | (F) |
| B04 | Personal Injury/Property Damage | |
| | Other negligence- | (F) |
| B05 | personal injury/property damage | |
| B06 | Products Liability | (A) |
| B07 | Malpractice-Medical | (A) |
| B08 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229,s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (F) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien & charges | (X) |
| C99 | Other (Specify) | (X) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | |
|---|---|
| E02 | Appeal from Administrative Agency G.L.c 30A |
| E03 | Action against Commonwealth Municipality, G.L.c.258 |
| E05 | All Arbitration |
| E07 | G.L.c.112,s.12S (Mary Moe) |
| E08 | Appointment of Receiver |
| E09 | General Contractor bond, G.L.c149,s.29,29a |
| E11 | Workers' Compensation |
| E13 | G.L.c.123A,s.12 (SDP Commitment) |
| E14 | G.L.c.123A, s.9 (SDP Petition) |
| E15 | Abuse Petition, G.L.c.209A |
| E16 | Auto Surcharge Appeal |
| E17 | Civil Rights Act,G.L.c.12,s.11I |
| E18 | Foreign Discovery Proceeding |
| E19 | Sex Offender Registry G.L.c.178M,s.5 |
| E25 | Pleural Registry (Asbestos cases) |
| E96 | Forfeiture G.L.c. 94C.s.47 |
| E96 | Prisoner Cases |
| E97 | Prisoner Habeas Corpus |
| E99 | Other (Specify) |

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | Yes |

## SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary) statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**