UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

MELISSA OSTRANDER, Plaintiff   )
                               )
v.                             )   CIVIL ACTION NO. 04-30197-KPN
                               )
HUSSMANN CORPORATION,          )
Defendant                      )
                               )

## ANSWER OF THE DEFENDANT, HUSSMANN CORPORATION, AND DEMAND FOR JURY TRIAL

Now comes the defendant, Hussmann Corporation (hereinafter "Hussmann"), and answers the plaintiff's complaint as follows:

1. To ¶ 1 of the plaintiff's complaint, Hussman denies the allegations set forth therein.

2. To ¶ 2 of the plaintiff's complaint, Hussmann neither admits nor denies the allegations set forth therein as it is without sufficient knowledge to admit or deny their truthfulness or accuracy.

3. To ¶ 3 of the plaintiff's complaint, Hussmann admits it is a Missouri corporation with its principal business address in Missouri, but denies each and every other allegation set forth therein.

4. To ¶ 4 of the plaintiff's complaint, Hussmann neither admits nor denies the allegations set forth therein as it is without sufficient knowledge to admit or deny their truthfulness or accuracy.

5. To ¶ 5 of the plaintiff's complaint, Hussmann neither admits nor denies the allegations set forth therein as it is without sufficient knowledge to admit or deny their truthfulness or accuracy.

6. To ¶ 6 of the plaintiff's complaint, Hussmann neither admits nor denies the allegations set forth therein as it is without knowledge sufficient to admit or deny their truthfulness or accuracy.

7. To ¶ 7 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

8.  To ¶ 8 of the plaintiff's complaint, Hussmann repeats and realleges its previous responses to ¶¶ 1-7, supra.

9.  To ¶ 9 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

10. To ¶ 10 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

11. To ¶ 11 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

12. To ¶ 12 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

13. To ¶ 13 of the plaintiff's complaint, Hussmann repeats and realleges its previous responses to ¶¶ 1-7, supra.

14. To ¶ 14 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

15. To ¶ 15 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

16. To ¶ 16 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

17. To ¶ 17 of the plaintiff's complaint, Hussmann repeats and realleges its previous responses to ¶¶ 1-7, supra.

18. To ¶ 18 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

19. To ¶ 19 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

20. To ¶ 20 of the plaintiff's complaint, Hussmann repeats and realleges its previous responses to ¶¶ 1-7, supra.

21. To ¶21 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

22. To ¶ 22 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

23. To ¶ 23 of the plaintiff's complaint, Hussmann denies each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES

1. The plaintiff's complaint fails to state a claim upon which relief may be granted.

2. The plaintiff's alleged accident or injury was caused by the plaintiff's own willful and knowing misuse of the product.

3. The subject grinder may have been subject to abuse, misuse and or/substantial change in condition after it left Allied's possession or control.

4. The plaintiff failed to provide the defendant with seasonable notice of warranty and the defendant was prejudiced thereby, thereby barring or reducing any recovery.

5. The plaintiff's alleged damages, if any, were caused in whole or in part by her own negligence such that any recovery should be reduced or barred.

6. The plaintiff's accident or injury was caused by the acts of one or more third parties for whose conduct Hussmann is not responsible.

7. The plaintiff's accident or injury was caused by the superceding intervening negligence of another party.

8. The plaintiff's claim must be dismissed for a want of personal jurisdiction over the defendant corporation.

9. The plaintiff's claim under G.L. c. 93A is not maintainable since that statute cannot be applied retroactively to acts committed prior to its effective date.

10. The plaintiff has failed to comply with the statutory requirements and/or conditions precedent to maintaining a claim under G.L. c. 93A.

WHEREFORE, Hussmann requests that the Court:

A. Dismiss the Complaint with prejudice;

B. Award Hussmann its attorneys' fees and costs; and

C. Award such further relief as justice may require.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Hussmann demands a jury trial on all claims.

HUSSMANN CORPORATION, Defendant

By _____
JOHN B. STEWART
MORIARTY, DONOGHUE & LEJA, P.C.
1331 Main Street
Springfield, MA 01103
(413) 737-4319

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within Answer was served upon each other party or counsel of record by first class mail on October 4, 2004.

_____
JOHN B. STEWART
MORIARTY, DONOGHUE & LEJA, P.C.