UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA OSTRANDER, Plaintiff ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 04-30197-MAP |
| ) | |
| HUSSMANN CORPORATION, ) | |
| Defendants ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT, HUSSMAN CORPORATION'S MOTION FOR AN ORDER COMPELLING NON-PARTY DEPONENT TO COMPLY WITH SUBPOENA
[FED. R. CIV. P. 37(a)]

I.  Background

This is a products liability lawsuit arising out of an industrial injury. It was brought by the Atty. Silverman on behalf of the injured worker, Ms. Ostrander. Atty. Silverman was not retained by Ms. Ostrander's workers' compensation insurer to prosecute this action under G.L. c. 152, §15. (See Affidavit of John Stewart, ¶5, filed herewith).

The defendant's counsel issued a subpoena for records of the workers' compensation carrier, Mass. Retail Merchants Insurance Company ("MRM"). Sought were "records constituting your complete file concerning [plaintiff's] workers' compensation claim . . . including but not limited to . . . investigation carried out with respect to the employee's claim and the employer's liability, statements taken as a part of that investigation of the employee or any other person or party, photographs of taken of the place of the employee's injury, surveillance reports . . . [and other records]." (See Affidavit of John Stewart, ¶1 and Tab A, filed herewith).

MRM sent out its file for review by counsel and was given an extension to respond to the subpoena. Counsel reminded MRM of its the controlling law regarding the inapplicability of privileges, and its obligations if it nonetheless sought to invoke any privileges. (See Affidavit of John Stewart, ¶2 and Tab B). Through counsel, MRM then produced various materials but indicated in its accompanying letter, "we have withheld documents which we contend are privileged, including internal communications between claims persons of [MRM] and file activity notes." Id., ¶3.

On December 9, 2004, Hussmann's counsel wrote to MRM's counsel once again calling to its attention the controlling law and its obligation to properly and sufficiently identify the privilege it was invoking and the documents it was withholding. There has been no response to this entreaty to resolve the impasse.

II.    Argument

According to every court in Massachusetts which has ruled on the issue, a workers' compensation insurer is not entitled to shield its file from discovery in a third party action based on privilege. Since this claim was brought on behalf of Ms. Ostrander by her own attorney, although MRM would appear to have a subrogation interest in this action it is not, strictly speaking, a party entitled to the conditional privileges in Fed. R. Civ. P. 26(b)(3).[1]

---

[1] Even if MRM was a party by virtue of having its counsel commence this action, it is by no means certain it would be entitled to withhold investigative materials developed in the ordinary course of its business under the work product or gathered in anticipation of litigation privileges. See Savoy v. Richard A. Carrier Trucking, 176 F.R.D. 10 (D.Mass. 1998). Accord, Sham v. Hyannis Heritage Hotel, Inc., 118 F.R.D. 24, 25 (D.Mass. 1987); Pasteris v. Robillard, 121 F.R.D. 18, 21 (D.Mass. 1988). In fact, U.S. Magistrate Judge Judith Dein overruled such privileges invoked by a subrogating insurer in Amica Mutual, as Subrogee of Maryanne Gaugin v. W.C. Bradley, Slip. Op., No. 02-10602-JGD (Memorandum and Order on Defts.' Motion to Compel [#23]) (April 4, 2003).

2

MRM has invoked unnamed privileges without meeting its obligation to "describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).  See L.R. 34.1(E).  Hussmann believes MRM has waived any privileges by failing to adhere to the rules cited above.  In any event, by the weight of the decided cases, the privileges thought to be asserted are inapplicable and all documents are subject to disclosure.

In DeAlmeida v. Aaron Equipment Co., 22 Fed. R. Serv.2d 135 (D.Mass. 1976), Magistrate Princi ruled that investigative materials contained in Liberty Mutual's workers' compensation file regarding the plaintiff's industrial injury were discoverable, since Liberty Mutual was not protected by the work product or attorney-client privilege.  He reasoned the privileges accorded by Fed. R. Civ. P. 26(b)(3) relating to the discovery of trial preparation materials can only be asserted by a "party" or his "representative," and since Liberty Mutual was neither its file was discoverable.  Id., at 137.  A year later, Magistrate Princi ruled that a statement taken by Liberty Mutual the course of its investigation of another industrial accident was likewise discoverable, on the same grounds.  Uhlman v. McGraw-Edison Co., 25 Fed. R. Serv.2d 460, 462 (D.Mass. 1977).

Judge Paul Garrity of the Massachusetts Superior Court similarly ruled that the Insurance Company of North America's workers' compensation file was discoverable

3

by a defendant in a products liability case against a third party. He concluded that INA's investigation was undertaken to further its own interests relative to the workers' compensation claim, and was not a "party" or "representative" in the third party litigation. Barnes v. The General Tire & Rubber Co., 9 Mass. Lawyers Weekly 1178, 2 Mass. Supp. 423 (Super. Ct. 1981).

In 1983, Magistrate Collings issued two decisions compelling sought-after discovery from workers' compensation files. In Greener v. American Laundry Machinery, Div. of McGraw Edison Co., 36 Fed. R. Serv.2d 1183 (D.Mass. 1983), the court drew the same distinction between an injured party commencing a claim and an insurer prosecuting a subrogation claim. Echoing earlier rulings in this district, the court concluded Liberty Mutual's workers' compensation file was discoverable because it had not commenced the third party action. The court lamented this result as "unsatisfactory," because the outcome was based on fortuity - - whether the employee brought suit within the period he had the exclusive right to bring it (the first seven months following the injury, per G.L. c. 152, §15), or whether after time elapses and the carrier then commences the action in the employee's name. Id., at 1196. A month later, Magistrate Collings adhered to his previous ruling and allowed a motion to compel a workers' compensation insurer to produce its file. Mailhot v. Monarch Machine Tool Co., 37 Fed. R. Serv.2d 207, 208 (D.Mass. 1983).

In this case, Atty. Silverman has brought this action on behalf of Ms. Ostrander, the plaintiff. MRM has its own counsel, which has given no heed to the holdings of

4

the above cases spelled out to MRM, which did not adhere to the requirements of the federal rules and the local rules in withholding documents based on privilege, and which has been silent when requested to conciliate this discovery dispute.

In Hussmann's view, MRM should be ordered to produce any and all withheld documents forthwith, either on the basis that it waived any privilege by failing to adhere to the rules or because no privilege attaches since it is not a "party" within the holdings of decided cases in this district.

Hussmann also believes an award for attorneys' fees incurred in pursuit of discoverable documents from MRM since its letter of November 7, 2004 is appropriate and requests the court to exercise its discretion to award them.

III.    Conclusion

For all the foregoing reasons, Hussmann respectfully requests the court allow its motion to compel production of such documents requested in its subpoena to MRM which have not produced to date, compliance to occur forthwith, and for reasonable attorney's fees incurred by Hussmann attempting to enforce compliance with its subpoena since November 7, 2004.

HUSSMANN CORPORATION, Defendant

By _____
JOHN B. STEWART (BBO #551180)
MORIARTY, DONOGHUE & LEJA, P.C.
1331 Main Street
Springfield, MA 01103
(413) 737-4319

5