UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA OSTRANDER, Plaintiff ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 04-30197-MAP |
| ) | |
| HUSSMANN CORPORATION, ) | |
| Defendants ) | |

### AFFIDAVIT OF JOHN B. STEWART SUBMITTED IN SUPPORT OF HUSSMAN'S MOTION TO COMPEL NON PARTY, MASS. RETAIL MERCHANTS

John B. Stewart, having been duly sworn, deposes and say as follows:

1. I represent the defendant Hussmann in this lawsuit. I caused to be issued a subpoena upon the insurance company which provided workers' compensation benefits to the plaintiff, Mass. Retail Merchants, on October 5, 2004. A true copy of that subpoena is attached hereto as Tab A.

2. At MRM's request, I agreed to extend the response date to 12/1. Since MRM indicated it was having its file reviewed by counsel, fearing inappropriate objections might be lodged I forwarded a letter citing the applicable law on November 8. A true copy of this letter is attached hereto as Tab B.

3. On December 7, I received a package of documents form MRM's counsel, including a cover letter indicated "we have withheld document which we contend are privileged, including communications between claims persons of [MRM] and file activity notes."

4. On December 9, I wrote a letter pursuant to L.R. 37.1 and 7.1 in an attempt to avoid judicial intervention, but have received no response from MRM's

counsel. A true copy of that letter is appended hereto as Tab C.

5.   In the course of informal discovery and collaborating on the joint scheduling conference memorandum I have met with plaintiff's counsel on several occasions, and he has confirmed his client is Melissa Ostrander and he was not retained to bring this action by MRM.

SWORN AND SUBSRIBED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 21st DAY OF DECEMBER, 2004.

_____
JOHN B. STEWART

# Tab A

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____

Melissa Ostrander, Plaintiff

V.

Hussmann Corporation, Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-30197-KPN

TO: Robert McKeever or Custodian of Records
Massachusetts Retail Merchants Insurance Co.
190 Forbes Road, Suite 237, Braintree, MA 02184

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A, attached hereto.

| PLACE Moriarty, Donoghue & Leja, P.C., 1331 Main Street, Springfield, MA | DATE AND TIME 11/8/2004 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 10/4/2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John B. Stewart, Moriarty, Donoghue & Leja, P.C., 1331 Main Street, Springfield, MA 01103 ph. (413) 737-4319

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

SCHEDULE A

    True copies of records constituting your complete file concerning Melissa Ostrander's workers' compensation claim against Pleasant Street Market, Your File No. 8405, date of accident 4/28/02, including but not limited to the following: investigation carried out with respect to the employee's claim and the employer's liability, statements taken as part of that investigation of the employee or any other person or party, photographs taken of the place of the employee's injury, surveillance reports, first report of injury, weekly indemnity payments made to Ms. Ostrander, and the dates thereof, IME reports, medical records and reports, hospital records, total amount of any lien against Ms. Ostrander's third party action, total of medical bills paid, vocational reports, nurse/case manager reports and utilization review reports.

From the Office of:
MORIARTY, DONOGHUE & LEJA, P.C.
1331 Main Street
Springfield, MA 01103
(413) 737-4319

N.B. ALTERNATIVE COMPLIANCE with this subpoena may be accomplished by delivering up CERTIFIED COPIES of the requested records by mail to the office defendant's counsel on or before five days prior to the scheduled date of the deposition.

# Tab B

**MORIARTY, DONOGHUE & LEJA, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
1331 MAIN STREET
SPRINGFIELD, MASSACHUSETTS 01103-1643
PHONE: (413) 737-4319
FAX: (413) 732-8767
E-MAIL: MDLEJA@AOL.COM

EDWARD V. LEJA
JOHN B. STEWART
ROBERT F. CONNELLY
JOSHUA E. ABEL

THOMAS J. DONOGHUE
PATRICIA A. BARBALUNGA
JAMES P. MORIARTY (1898-1973)

November 8, 2004

Robert McKeever
Mass. Retail Merchants Ins. Co.
190 Forbes Road, Suite 237
Braintree, MA 02184

Re: Melissa Ostrander, EE
    Pleasant Street Market, ER
    File No. 8405

Dear Bob:

This will confirm our discussion from last week and my agreement to extend the response date until 12/1/05. You mentioned you were going to have the response materials reviewed by counsel, and I want your counsel to be aware of my position about what can and cannot be permissibly withheld.

It has been established that workers' compensation insurers may not withhold documents which have been subpoenaed by a products liability defendant in a third party action on the basis of the work product or anticipation of litigation privileges. In DeAlmeida v. Aaron Equipment Co., 22 Fed. R. Serv.2d 135 (D.Mass. 1976), U.S. Magistrate Princi ruled that investigative materials contained in Liberty Mutual's workers' compensation file regarding plaintiff's industrial injury were discoverable, since Liberty Mutual was not protected by the work product or attorney-client privilege. The court reasoned that privileges accorded by Fed. R. Civ. P. 26(b)(3) relating to the discovery of trail preparation materials can only be asserted by a party or his representative. Since Liberty was neither, its file was discoverable. Id., at 137.

The late-Judge Paul Garrity made a similar ruling in Barnes v. The General Tire and Rubber Co., 2 Mass. Supp. 423 (Super. Ct. 1981), holding the Insurance Company of North America's workers' compensation file was discoverable by a defendant in a product liability action, since INA's investigation was to further its interests relative to

the workers' compensation claim, and it was neither a party or representative in the third party action. In 1983, U.S. Magistrate Robert Collings ordered production of investigatory and claim documents withheld on the based on the attorney client and work product privileges by workers' compensation insurers in two separate cases, Greener v. American Laundry, Div. of McGraw Edison, 36 Fed. R. Serv. 1194 (D.Mass. 1983) and Mailhot v. Monarch Machine Tool Co., 37 Fed. R. Serv. 207, 208 (D.Mass. 1983).

I would also call to your attention Local Rule 34.1(E) which sets out specific requirements for withholding documents under a claim of privilege.

Thank you for your attention to this matter. To the extent necessary, kindly accept this letter in satisfaction the requirements of Local Rule 37.1 regarding discovery disputes.

                    Yours very truly,

                    John B. Stewart

JBS/bh

Cc:   Steven Silverman
       73 State Street
       Springfield, MA 01103

2

# Tab C

**MORIARTY, DONOGHUE & LEJA, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
1331 MAIN STREET
SPRINGFIELD, MASSACHUSETTS 01103-1643
PHONE: (413) 737-4319
FAX: (413) 732-8767
E-MAIL: MDLEJA@AOL.COM

EDWARD V. LEJA
JOHN B. STEWART
ROBERT F. CONNELLY
JOSHUA E. ABEL

THOMAS J. DONOGHUE
PATRICIA A. BARBALUNGA
JAMES P. MORIARTY (1898-1973)

December 9, 2004

Chrisann Leal
Curtin, Murphy & O'Reilly, P.C.
55 Summer Street
Boston, MA 02110

Re:   Melissa Ostrander v. Hussmann Corp.
      US District Court, D.Mass. CA#04-30197-MAP

Dear Ms. Leal:

Thank you for records received here in response to my subpoena to Mass. Retail Merchants Insurance Company. I note your letter states "we have withheld documents which we contend are privileged, including internal communications between claims persons of Mass. Retail Merchants Insurance Company and file activity notes."

I call to your attention my 11/8/04 letter to Mr. McKeever which sets out my position regarding the propriety of the invocation of privileges, calling to Mass. Retail Merchants Insurance Company's attention the necessity of complying with Local Rule 34.1(E) if documents were to be withheld on the basis of a claim of privilege, and satisfying the requirements of Local Rule 37.1.

I am calling upon you to properly identify all withheld documents and identify which privileges are being relied upon. Otherwise, I would intend to file a motion in court to obtain full compliance with the Local Rules and Hussmann's subpoena. Thank you.

Yours very truly,

John B. Stewart

JBS/bh
Encl.