UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MELISSA OSTRANDER, Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-30197-MAP |
| | ) | |
| HUSSMANN CORPORATION, | ) | |
| Defendants | ) | |

DEFENDANT'S APPENDIX OF CASES RE: MOTION TO COMPEL

TAB A    DeAlmeida v. Aaron Equipment Co., 22 Fed. R. Serv.2d 135 (D.Mass. 1976).

TAB B    Barnes v. The General Tire and Rubber Co., 2 Mass. Supp. 423 (Super. Ct. 1981).

TAB C    Greener v. American Laundry, Div. of McGraw Edison, 36 Fed. R. Serv. 1194 (D.Mass. 1983).

TAB D    Mailhot v. Monarch Machine Tool Co., 37 Fed. R. Serv. 207, 208 (D.Mass. 1983).

TAB E    Uhlman v. McGraw Edison Co., 25 Fed. R. Serv. 460 (D.Mass. 1977)

HUSSMANN CORPORATION, Defendant

By _____
JOHN B. STEWART (BBO #551180)
MORIARTY, DONOGHUE & LEJA, P.C.
1331 Main Street
Springfield, MA 01103
(413) 737-4319

# TAB A

22 FEDERAL RULES SERVICE 2d—CASES

interest, and for plaintiff's attorney fees. In addition plaintiff agrees to indemnify defendant and hold it harmless for any damage defendant might suffer to its property that results from plaintiff doing the work upon Bunker Hill's premises."

The matter came on before the court on June 14, 1976, whereat plaintiff appeared and was represented by Paul L. Westberg, Assistant United States Attorney for the District of Idaho, and the defendant appeared and was represented by William F. Boyd, its attorney; and the court being fully advised in the premises:

The court is of the opinion that the United States of America as plaintiff in an action such as this brought to enforce the Federal Water Pollution Control Act, as amended, and the Rivers and Harbors Act of 1899, is not required to indemnify the defendant in the manner requested before entering on the lands of the defendant for purposes of carrying out discovery procedures in preparation for trial. Further the court is of the view that no officer of the United States is authorized to execute such an indemnity agreement, and that if executed the same would be unenforceable. Accordingly, the motion for a protective order requiring execution of the indemnity agreement proposed must be denied. The motion of the plaintiff to enter upon defendant's real property in order to perform the drilling of wells and to conduct inspection for sampling, in accordance with the request of the plaintiff, should be granted.

It is therefore ordered:

1. That the plaintiff's motion is hereby granted.

2. That the defendant's motion should be, and the same hereby is, denied insofar as concerns any requirement that there be as a condition of such entry the execution of Paragraph No. 3 of the "Indemnification Agreement" hereinbefore set out.

3. With regard to the remaining conditions set forth in Paragraphs 1, 2 and 4 of "Attachment A" to defendant's motion, such conditions are hereby made a condition to the plaintiff's entry upon the premises. Upon representation of counsel, that no specific order is required relative to the details of carrying out Paragraphs 1, 2 and 4, the court leaves such details to the parties in accordance with the oral arrangement agreed upon at the time of argument.


DEALMEIDA v. AARON EQUIPMENT CO.

US Dist Ct, D Mass, June 30, 1976
22 FR Serv2d 135


26b.71, 26b.72  Discovery of statements of witnesses taken by attorney.

Statements taken by an attorney of witnesses in the preparation of his case are work product of the attorney and are afforded a qualified immunity from discovery; a party seeking documents subject to the work product doctrine has a heavy burden of establishing that they are essential for the preparation of his case.

26b.71  Protection of materials prepared by insurer-subrogee not in pursuit of claim.

Where plaintiff's employer's insurance carrier paid plaintiff compensation benefits following an industrial accident and prepared various documents and reports in regard to plaintiff's accident but did not proceed on the subrogated

## 22 FEDERAL RULES SERVICE 2d—CASES

claim, plaintiff was not entitled to a protective order limiting defendant's examination of the documents prepared by the insurance carrier, which were then in plaintiff's possession. The protection afforded trial preparation materials by Rule 26(b)(3) can be asserted only by a party or his representative, which may include his insurer; however, in this case the insurer was not a party or representative even though it had an interest in the litigation as subrogee.

———

PRINCI, Magistrate.* This matter was heard by me on May 3, 1976. Thomas J. Kelly, Jr., Esq., represented the plaintiffs; John W. Brister, Esq., counsel for the defendant, did not appear.

This is a personal injury action for injuries suffered on April 4, 1973 and for loss of consortium. At the time of the accident, plaintiff was working for Roma Chemical Co. ("Roma"), and he was injured when he fell into a paint mixing machine which allegedly was manufactured by Baker Perkins Inc. and was reconditioned and sold by Aaron Equipment Co. ("Aaron").

After the accident, plaintiff received workingmen's compensation payments from Liberty Mutual Insurance Company ("Liberty"), Roma's insurer. Liberty has not proceeded pursuant to C 152 in the subrogated claim; therefore, the plaintiffs pursued the claim on their own.

The discovery requested by Aaron seeks material investigation and documents in the possession of the plaintiffs. Apparently, plaintiffs obtained the information from Liberty.

Plaintiffs argue that these items are all matters not discoverable because they were prepared in anticipation of litigation and fall within Rule 26 of the FR Civ P. Plaintiffs contend that Aaron has failed to show "substantial need" to obtain this information and unless it can show substantial need and undue hardship in obtaining the information on its own, it should not be allowed this discovery.

Aaron contends that the material requested is discoverable because it was not prepared in anticipation of litigation and further it is not privileged since Liberty is not and will not be a party to this suit. Aaron further contends that any materials prepared by the insurer prior to the involvement of the plaintiffs' attorney in August of 1975 are not entitled to any protection as long as they are relevant. Further, Liberty is not a party to this action, is not represented by plaintiffs' counsel; consequently, the information requested is not entitled to "attorney-client" or "work-product" privilege.

### PERTINENT RULES AND LAW

Rule 26(c) of the FR Civ P provides in part that for "good cause shown," the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense including one of the following and lists the various methods that the court may utilize in allowing or disallowing discovery.

———

* [Rule 6(A) of the Rules for United States Magistrates of the District of Massachusetts provides, inter alia, that all discovery motions in personal injury actions, if such motions are opposed, are automatically referred to a magistrate for determination, and that any such motion in any other case may be referred to a magistrate in the discretion of the court. Under Rule 6(D), the magistrate's decision in such matters "shall constitute the order of the court and shall be subject to review only to the extent to which it would be subject to review if it were an order of a district judge; . . ."—ED.]

[26b.71, 26b.72] This section of the Rule provides specifically for protective orders where warranted because of either "work product" preparation in anticipation of trial or "attorney-client" relationship. Clearly, statements taken by an attorney of witnesses in the preparation of his case are work product of the attorney and are qualified and afforded a qualified immunity from discovery. Thomas v. Trawler Red Jacket, Inc., 16 FRD 349 (D Mass 1954); and a party seeking documents that allegedly are subject to work product doctrine has a heavy burden of establishing they are essential for the preparation of his case.

"Work product" which is protected against discovery covers materials prepared by an attorney in anticipation of litigation, including written statements of witnesses prepared or formed by an attorney for trial. Commonwealth of Puerto Rico v. SS Zoe Colocotroni, 61 FRD 653 (DCPR 1974). See also: Harper and Row Publishers, Inc. v. Decker, 423 F2d 487 (7th Cir 1970), affirmed 91 S Ct 479, 400 US 348.

[26b.71] However, the protection afforded by Rule 26(b)(3) relating to discovery of trial preparation materials can only be asserted by a "party" or his "representative," which may include his insurer. In this action, the plaintiffs' employer's compensation carrier (Liberty) was not a "party" or a "representative" or "insurer" within this Rule relating to discovery of trial preparation materials, inasmuch as the protection intended by the Rule was to encompass documents prepared by the party or someone acting on its behalf to aid that party in litigation.

Consequently, the plaintiff was not entitled to a protective order limiting Aaron's examination of trial preparation documents prepared by Liberty even though Liberty had paid compensation benefits to the plaintiff and to such extent had an interest in the litigation as subrogee. Bunting v. Gainsville Machine Co., 50 FRD 594 (D Del 1971).

**53**

### FINDING AND CONCLUSION

After examination of the portion of the deposition which is pertinent and an examination of the briefs filed by the parties and argument of plaintiffs' counsel, the court is satisfied that the discovery in this matter does not fall within the purview of Rule 26(c) and that in fact any investigation made by Liberty with respect to this action is not protected by either work product or attorney-client privilege and therefore, not subject to a protective order.

On the basis of the foregoing, therefore, this motion is denied and the plaintiffs are ordered to furnish this discovery within 30 days from the date of this Order.

# TAB **B**

423    H.A. BARNES, ADMX. V. GENERAL TIRE & RUBBER CO.
Cite as 2 MSupp. 423

time'' requirement of Rule 60(b) as not exceeding the time available for appeal.[6]

**Scola, supra,** at 154; **Morgan Guaranty, supra,** at 760 n.3; **Hoffman v. Celebrezze,** 405 F. 2d 833 (8th Cir. 1969). As the court in **Scola, supra,** noted, to allow ''the use of Rule 60(b) as an escape from (Rule 59) introduces an unacceptable contradiction to an important principle underlying the finality of judgments.'' **Scola, supra,** at 154.

**Mass. R. Civ. P. 60(b)(6)**

Mass. R. Civ. P. 60(b)(6) allows relief from final judgment for ''any other reason justifying relief.'' The motion must be made within a reasonable time, must be based on some reason other than those provided by Rule 60(b)(1)-(5), and must be ''substantial enough to warrant relief.'' Mass. R. Civ. P. 60(b)(6), Reporters' Notes (1973). Not only was defendant's motion untimely[7] but it has also failed to indicate extraordinary circumstances justifying relief. **Artco, Inc. v. DiFruscia,** 5 Mass. App. Ct. 513, 517 (1977); **Scola, supra,** at 155; **Silk v. Sandoval, supra.** The errors committed in this case have ''not left the parties in a posture that assuredly represent(s) a miscarriage of justice.'' **Scola, supra,** at 155. To grant defendant's motion under these circumstances is ''beyond the authority granted by Rule 60(b)(6).'' **Scola, supra,** at 154.

## ORDER

For the foregoing reasons, defendant's Motion to Correct Clerical Mistake in Judgment is hereby denied.

**William G. Young**
**Justice of the Superior Court**

**Helen A. Barnes, Admx.**
v.
**THE GENERAL TIRE & RUBBER COMPANY**

**No. 131591**

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

**May 29, 1981**

**Summary**

Rulings, order and memorandum of decision on defendant's motion to compel deponent to produce documents in a products liability case. Deponent was the workmen's compensation insurance carrier for the employer of plaintiff's deceased. The Superior Court, Garrity J., held that: (1) documents in the files of the insurance carrier, which were formulated or collected during the investigation and settlement of the workmen's compensation claim, were not within the protections of the work product doctrine in this action; (2) work prepared by the carrier at the request of plaintiff's counsel in this action fell within the qualified immunity from discovery of Rule 26(b)(3); (3) status reports on the progress of this action, sent by plaintiff's counsel to the carrier, were not discoverable; and (4) documents of a consultant retained by plaintiff, who was not identified as an expert to be called at trial, were not discoverable. Mass. R. Civ. P. 26(b)(3), 26(b)(4).

Order accordingly.

---

[6] A motion under Rule 59 to alter or amend a judgment must be served within ten days after entry of judgment.

[7] **See** discussion **supra** at 5. Defendant's motion was not filed until nearly five months after judgment entered.

**1. Civil Procedure**
**2. Discovery**

Rule 26(b)(3) articulates a qualified immunity from discovery for the work product and mental impressions of a party's attorney. Mass. R. Civ. P. 26(b)(3).

**3. Civil Procedure**
**4. Discovery**

Documents in the files of a workmen's compensation insurance carrier, which were formulated or collected during the investigation and settlement of the workmen's compensation claim, were not within the protections of the work product doctrine in this products liability action. Mass. R. Civ. P. 26(b)(3).

**5. Civil Procedure**
**6. Discovery**

A party has standing to assert his or her work product privilege with respect to the subject matter of a subpoena directed to a non-party witness. Mass. R. Civ. P. 26(b)(3).

**7. Civil Procedure**
**8. Discovery**

Work prepared by a workmen's compensation insurance carrier at the request of plaintiff's counsel in this products liability action fell within the qualified immunity from discovery of Rule 26(b)(3); it was discoverable only upon a showing that the party seeking discovery had substantial need of the materials in the preparation of his or her case, and that he or she was unable without undue hardship to obtain the substantial equivalent of the materials by other means. Mass. R. Civ. P. 26(b)(3).

**9. Civil Procedure**
**10. Discovery**

The immunity of the work product doctrine can be waived, but disclosure of a document to third persons does not waive the work product immunity unless it has substantially increased the opportunity for potential adversaries to obtain the information. Mass. R. Civ. P. 26(b)(3).

**11. Civil Procedure**
**12. Discovery**

The purpose of the work product privilege is to protect the information from the opposing party rather than to prevent the outside world generally from obtaining it. Mass. R. Civ. P. 26(b)(3).

**13. Civil Procedure**
**14. Discovery**

Plaintiff did not waive its right to assert the work product privilege in this products liability action by disseminating privileged material to the workmen's compensation insurance carrier. Mass. R. Civ. P. 26(b)(3).

**15. Civil Procedure**
**16. Discovery**

Status reports on the progress of the present products liability action, sent by plaintiff's counsel to the workmen's compensation insurance carrier, were not discoverable, where the party seeking discovery did not show substantial need and undue hardship. Mass. R. Civ. P. 26(b)(3).

**17. Civil Procedure**
**18. Discovery**

A consultant who has not been identified as an expert to be called at trial is considered an "educating expert" and is largely immune from discovery except for his name and the subject matter of his knowledge; once it is shown that an expert was hired in anticipation of litigation, the burden shifts, and the party attempting to discover the expert's opinion must demonstrate "exceptional circumstances". Mass. R. Civ. P. 26(b)(4).

**19. Civil Procedure**
**20. Discovery**

Documents of a consultant retained by

425    H.A. BARNES, ADMX. V. GENERAL TIRE & RUBBER CO.
Cite as 2 MSupp. 423

plaintiff, who was not identified as an expert to be called at trial, were not discoverable, where the party seeking discovery failed to show "exceptional circumstances" which would warrant exposing the expert's opinions to discovery. Mass. R. Civ. P. 26(b)(4).

**Martin S. Cosgrove, Iohn P. McLaughlin** counsel for the plaintiff.
**Francis F. Foley, Karl L. Gollub** counsel for the defendant.

## BACKGROUND

This is a products liability case, arising out of an accident which occurred on February 24, 1980, in Kingsport, Tennessee. The plaintiff Administratrix claims that the accident and resultant death of her spouse Edward Barnes was caused by a defective right front tire on the 1979 Mack Truck which at the time he was driving. The plaintiff in this action claims that the defendant General Tire manufactured the purportedly defective tire in question. In its answer, General Tire denies having manufactured the tire.

General Tire has noticed the deposition of the keeper of the records of the Insurance Company of North America (I.N.A.) which is the workmen's compensation carrier for Edward Barnes' employer, Robert Crockett, Inc. A subpoena was served pursuant to Mass. R. Civ. P. 45. Counsel for I.N.A. then filed an objection to the production, inspection and copying of the designated material pursuant to Rule 45(d)(1). Counsel for the plaintiff has filed an objection based on Rule 45 and on Rule 26(b). Rule 26(b)(3), in keeping with the holding of **Hickman v. Taylor,** 329 U.S. 495 (1947), articulates a qualified immunity from discovery for the work product and mental impressions of a party's attorney. General Tire has moved to compel production of the designated material.[1]

**Rulings and Memorandum of Decision**

An examination of the objections of both the deponent and the plaintiff in conjunction with the defendant's Notice of Taking Deposition reveals four categories of documents and materials which are in dispute:

1. documents prepared by INA during the course of its investigation and settlement of the workmen's compensation claim;

2. investigative material prepared by INA at the request of the counsel for the plaintiff;

3. status reports on the progress of the present action sent by plaintiff's counsel to INA; and

4. documents of a consultant, retained by the plaintiff, who has not been identified as an expert to be called at trial.

The objections of the deponent and of the plaintiff should be examined as to each category separately because the asserted work product privilege must be evaluated as to each type of document requested.

---

[1] Exhibit A, attached to the Notice of Taking Deposition, designates the materials which the deponent was ordered to bring to the deposition as follows:

a. any investigation of the February 24, 1980 accident, including photographs, interviews, drawings, statements, reports, diagrams and correspondence resulting from such investigation.
b. any monies paid by INA to any persons under the above-mentioned claim, including any releases, agreements and contracts resulting from the settlement of the above claim.
c. any correspondence, communications and writings regarding the above-mentioned claim.
d. any reports, transcripts, statements, Exhibits and/or written material relating to proceedings before or submitted to the Division of Industrial Accidents, Commonwealth of Massachusetts, as a result of the February 24, 1980 accident.
e. first report of injury by Robert Crocker, Inc. regarding the February 24, 1980 accident.
f. any applications for benefits filed by Robert Crocker, Inc. regarding the February 24, 1980 accident

s No~·~·e
ils t ~
materials

INA
its
t of
~tion

erial
:st of
;
gress
~ by
and
:tant,
) has
:rt to

~d of the
to each
asserted
valuated
~que·

of Taking
vhich the
eposition

:4, 1980
terviews.
rams and
such in-

ins under
ding any
ontracts
~e above

ions and
entioned

, Exhibits
to pro-
~ Division
vealth of
February
:cident.
:ker
accide~.t.
iy Robert
uary 24,
:cident.

### 1. Documents Prepared by INA During the Course of its Investigation and Settlement of the Workmen's Compensation Claim

The deponent objects to the production of ''any and all materials in their Workman's Compensation file . . .'' INA supports this objection with the claim that, since it is subrogated to the claim of the plaintiff against General Tire to the extent that it has paid compensation benefits on behalf of the plaintiff's intestate, it is a real party in interest and may assert the qualified privilege of ''work product.'' Mass. R. Civ. P. 26(b)(1).

A similar argument was presented by a workmen's compensation insurer in **Bunting v. Gainsville Machine Co.,** 53 F.R.D. 594 (D.C. Del. 1971). The Court in **Bunting** held that the workmen's compensation insurance carrier was not a ''party,'' representative,'' or ''insurer'' within the terms of Rule 26(b)(3) of the Federal Rules of Civil Procedure.[2] The Court reasoned that the protection of Rule 26(b)(3) was intended to encompass documents prepared by a party or someone acting on its behalf to assist that party in the litigation. The compensation insurance carrier is acting in its own interest in collecting information about the accident in order to protect itself from false or frivolous claims.[3] The Court concluded that it would be stretching too far the language of Rule 26(b)(3) and the rationale underlying that rule to afford protection against the disclosure of the compensation file. **Bunting, supra,** at 596.

It is the conclusion of this Court that the documents in INA's file which were formulated or collected during the investigation and settlement of the workmen's compensation claim of Edward Barnes are not within the protections of the work product doctrine. INA must therefore produce such documents as requested by General Tire.

### 2. Investigative Material Prepared by INA at the Request of Counsel for the Plaintiff

Both INA and the plaintiff assert that this category of material is within the qualified immunity from discovery given to material prepared in anticipation of litigation. General Tire counters these assertions with the argument that INA is not a party in interest who may claim such a privilege. General Tire declined to respond to the arguments of the plaintiff, claiming that the plaintiff has no standing to assert a work product privilege.

The fact that this material was gathered at the request of the plaintiff's counsel clearly places it beyond the scope of the material considered by the Court in **Bunting, supra.** Although INA's status may not be sufficiently altered, by this type of investigative work, to allow it to assert the work product privilege on its own behalf, the plaintiff is now asserting her personal right or privilege to the material sought by General Tire. In such instances, a party does have standing to assert his or her privilege with respect to the subject matter of a subpoena directed to a non-party witness. **Shepard v. Castle,** 20 F.R.D. 184, 188 (D.C.W. Mo. 1957); **Brown v. Braddick,** 595 F2d 961, 967 (5th Cir. 1979).[4]

Work prepared by INA at the request of the plaintiff's counsel falls within the qualified immunity from discovery of Rule 26(b)(3). It is discoverable only upon a showing that the party seeking discovery

[2] The relevant language of Mass. R. Civ. P. 26(b)(3) is taken verbatim from federal Rule 26(b)(3), as amended.

[3] The inquiry in **Bunting** was limited to documents prepared by the insurance carrier during its investigation of the compensation claim. The Court noted in effect that so far as the record disclosed the insurer never requested payment from the plaintiff for investigative work, nor did plaintiff request the insurer do such work. **Bunting, supra** at 596. In this action, this limitation is significant in the analysis of the second category of documents, which were prepared by INA at the request of the plaintiff.

[4] General Tire's argument that the plaintiff has waived by privilege of work product by **disseminating** the material to a third party is not applicable to work done on behalf of plaintiff's counsel by a third party.

427      H.A. BARNES, ADMX. V. GENERAL TIRE & RUBBER CO.
Cite as 2 MSupp. 423

has substantial need of the materials in preparation of his or her case and that he or she is unable without undue hardship to obtain the substantial equivalent of the materials by other means. General Tire has made no such showing of substantial need and undue hardship, other than the bald assertion that the file contains vital information. Since General Tire has not met its burden, the material prepared by INA on behalf of the plaintiff's attorney in preparation for this action is not discoverable.

3. **Status Reports on the Progress of the Present Action Sent by the Plaintiff's Counsel to INA**

The plaintiff asserts that such status reports contain investigative data and the impressions, conclusions, legal theories, and opinions of plaintiff's counsel and are, thus, not discoverable under Rule 26(b)(3). General Tire asserts that the plaintiff has waived any privilege which these documents may have enjoyed in that the material was disseminated to a third party.

The immunity of the work product doctrine, set out in **Hickman v. Taylor,** supra, can be waived. **U.S. v. Nobles,** 422 U.S. 225 (1975). However, ''. . . disclosure of a document to third persons does not waive the work product immunity unless it has substantially increased the opportunity for potential adversaries to obtain the information.'' 8 Wright & Miller, Federal Practice and Procedure, Section 2024 (1970 ed.). **American Standard, Inc. v. Bendix Corp.,** 71 F.R.D. 443, 446 (D.C. Mo. 1976). This rule reflects the purpose of the work product privilege, which is to protect the information from the opposing party rather than to prevent the outside world generally from obtaining it. **GAF Corp. v. Eastern Kodak Co.,** 85 F.R.D. 46, 52 (D.C.N.Y. 1979). Only if the disclosure substantially increases the possibility that an opposing party could obtain the information, will the privilege be deemed waived.

Here, the action of plaintiff's counsel, in informing INA of the status of the litigation and his impressions of the case, is in no way inconsistent with the maintenance of secrecy from General Tire. As subrogee to the plaintiff's claim, INA has an interest similar to that of the plaintiff in pursuing the legal action. Although, as discussed previously,[5] this interest may not rise to a level sufficient for INA to assert a ''work product'' privilege to protect its own files, this court is persuaded that the interests of INA and the plaintiff are similar enough to defeat General Tire's assertion that the plaintiff has waived her privilege of work product.

To discover, the informational data contained in such reports, General Tire must show substantial need and undue hardship under Rule 26(b)(3). This it has not done. Accordingly, the status reports sent by the plaintiff's counsel to INA concerning this litigation are not discoverable.

4. **Documents of a Consultant Retained by the Plaintiff who has not been Identified as an Expert to be Called at Trial**

As this court has concluded that the plaintiff has not waived her right to assert the work product privilege by disseminating privileged material to INA, the analysis with respect to this fourth category of documents is limited to a determination of applicable provisions of Rule 26(b)(4).

A consultant who has not been identified as an expert to be called at trial is considered an ''educating expert'' and, as such, is largely immune from discovery except for his name and the subject matter of his knowledge. Smith and Zobel, M.P.S. vol. 7, sec. 26.6 (1975). Once it is shown that an expert was hired in anticipation of litigation, the burden shifts, and the party attempting to

---

[5]Bunting v. Gainsville Machine Co., 53 F.R.D. 594 (D.C. Del. 1971). See discussion. supra, p.3.

discover the expert's opinion must demonstrate ''exceptional circumstances.'' See Colony, Inc. v. Continental Insurance Co., 63 F.R.D. 113 (D.C. Del. 1974).

Again, it is this Court's conclusion that General Tire has failed to show ''exceptional circumstances'' which would warrant exposing the expert's opinions to discovery. Accordingly, the documents from the consultant, in the hands of INA, are not discoverable.

## Order

The deponent is ordered to produce all documents contained in their workmen's compensation file on Edward Barnes except the following categories of material, which shall not be produced:

1. Investigative material prepared by INA at the request of plaintiff's counsel in preparation for the trial of this action.

2. status reports on the posture of this action sent to INA by plaintiff's counsel.

3. documents of a consultant retained by the plaintiff who has not been identified as an expert to be used at trial.

**Paul G. Garrity**
**Justice of the Superior Court**

Mary C. SALES, Individually and as Administratrix of the Estate of Nassar J. Yazback, and Frederick J. YAZBACK, Plaintiffs

v.

Daniel P. DAVID, Individually and as Administrator of the Estate of Josephine David,[1] Defendant

### No. 123153

Superior Court
Commonwealth of Massachusetts

### June 4, 1981

### Summary

Rulings, order and memorandum of decision on plaintiff's motion for partial summary judgment. Plaintiffs claimed that defendants obtained certain property through fraud and undue influence, where an attorney participated in the conveyance of his client's property for nominal consideration. The Superior Court, Garrity, J., stated to the Attorney's sister the principle that if an attorney or member of his family is personally advantaged by a transaction with his client, the transaction is presumptively improper and voidable. The Court stated further, however, that the ''presumption of impropriety'' may not exist in situations where family ties or close friendships exist between attorney and client. Here, the attorney and the client had been friends for more than 24 years. Therefore, it was for a trier of fact to determine whether the nature of the relationship dissolved any presumption of impropriety, and whether the attorney breached his fiduciary relationship with the client.

---

[1] Josephine David, Daniel P. David's sister, was originally named as a defendant in the complaint. She has since died and this Court allowed the plaintiff's motion to substitute Daniel P. David, administrator of the estate of Joseph David, as a defendant.

# TAB C

36  FEDERAL RULES SERVICE 2d—CASES

tinues to represent herself through the inquiry into damages, the district court may proceed on the record developed in the hearings on damages held before Magistrate Sinclair, without prejudice to the parties' right to offer additional evidence pertaining to damages.


## GREENER v. AMERICAN LAUNDRY MACHINERY, DIVISION OF McGRAW EDISON CO.

US Dist Ct, D Mass, July 8, 1983
Civil Action No. 80–0304–K
36 Fed Rules Serv 2d 1194

**26b.71  Applicability of work product doctrine to documents of nonparty insurer.**
In an action to recover for injuries sustained by plaintiff while working at his place of employment on some machinery manufactured by defendant, defendant was entitled to discovery of documents and tape recordings generated during the course of an investigation into the accident by the employer's workman's compensation carrier. Because the insurer was not a party, Rule 26(b)(3) did not operate to bar discovery. While the Rule might have barred discovery if the insurer had exercised its option under state law to bring suit to recover for payments made to plaintiff, the limitation of the protections of Rule 26(b)(3) to parties is clearly stated in the Rule.

———

COLLINGS, United States Magistrate. On January 28, 1980, the plaintiff was injured while working on some machinery at his place of employment, Salem Laundry. The machinery was manufactured by the defendant. Liberty Mutual Insurance Company is the workmen's compensation carrier for Salem Laundry. Salem Laundry notified Liberty in writing of the accident, and Liberty began making payments to the plaintiff in February 1980. Liberty Mutual conducted an investigation into the accident, and the defendant has filed Defendant's Motion To Compel Discovery Of Certain Documents And Tape Recordings (#16) seeking documents and tape recordings generated during the course of Liberty Mutual's investigation. Liberty Mutual is not a party to this litigation; the defendant issued a subpoena duces tecum to an agent of Liberty Mutual compelling him to appear for a deposition and bring the documents and objects with him.
Liberty Mutual opposes disclosure, claiming that the documents and tape recordings are protected by Rule 26(b)(3), FR Civ P, which provides, in pertinent part:

"... a party may obtain discovery of documents and tangible objects otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means...."

36  FEDERAL RULES SERVICE 2d—CASES

The defendant first argues that Liberty Mutual is not able to claim the protection of this Rule because the documents prepared by it were not "prepared . . . by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) . . . ." The argument runs that since Liberty Mutual is not a party, nor the representative, attorney, consultant, surety, indemnitor, insurer, or agent of a party, it is not within the scope of the Rule.

The statute which governs actions against third parties who may be liable for an injury to an employee to whom worker's compensation has been paid is Massachusetts General Laws, Chapter 152, § 15, which provides, in pertinent part:

> "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or the insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid in accordance with sections six, seven, eight, ten, or eleven nor until seven months following the date of such injury. The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For purposes of this section, 'excess' shall mean the amount by which the total sum received in payment for the injury exclusive of interest and costs exceeds the compensation paid under this chapter. . . ."

Cases dealing with the issue of whether an insurer is a "party" within the meaning of Rule 26(b)(3), FR Civ P seem to hold that the insurer is not when the plaintiff brings suit in its own name but is when the insurer brings the suit. Thus, in Kelleher v. Omark Industries, Inc., 19 Fed Rules Serv 2d 725 (D Mass, 1974), Magistrate Davis held that since the insurer brought the action, the insurer was a party, even though the insurer was suing in the name of the plaintiff. Magistrate Davis distinguished Bunting v. Gainsville Machine Co., 53 FRD 594 (D Del, 1971) on the ground that in that case, ". . . the employee brought the suit and there was no indication that the insurer would be joined." Kelleher, ante, at 726. However, when the injured employee brings the action in his own name, the insurer has been held not to be a party, and, hence, not able to claim the protection of Rule 26(b)(3), FR Civ P Magistrate Princi so held in the case of Uhlman v. McGraw-Edison Co., 25 Fed Rules Serv 2d 460 (D Mass, 1977) as did Judge Steel in the Bunting case and as did Judge Reynolds in the case of Prucha v. M & N Modern Hydraulic Press Co., 76 FRD 207 (WD Wis, 1977). See also deAlmeida v. Aaron Equipment Co., 22 Fed Rules Serv 2d 135, 137 (D Mass, 1976 [Princi, USM]); Pearson v. United Technologies Corp., 30 Fed Rules Serv 2d 1276, 1277 (ED Pa, 1980 [Naythons, USM]).

In Bunting v. Gainsville Machine Co., supra, the court, in ruling that the employer's insurer was not able to claim the protections of Rule 26(b)(3), FR Civ P, in an action brought by the injured employee against a third party, was dealing with the Delaware workmen's compensation statute (19 Del C, § 2363[a], [e].) which was almost identical to Massachusetts General Laws, Chapter 152, § 15. Under 19 Del C § 2363(a), the injured employee may bring a suit to en-

36  FEDERAL RULES SERVICE 2d—CASES

force a third party liability, and if the injured employee does not do so within 260 days, ". . . the employer or its compensation insurance carrier may . . . enforce the [third party] liability . . .". Under 19 Del C § 2363(e), the workmen's compensation carrier is entitled to reimbursement for the amounts it paid the plaintiff from any judgment in the plaintiff's favor.

In Prucha v. M & N Modern Hydraulic Press Co., supra, the court, in also holding that the insurer was not entitled to the protections of Rule 26(b)(3), FR Civ P, was dealing with a Wisconsin statute (§ 102.29, Wisconsin statutes) which gives both the employee and the insurer the right to bring an action against a third party but requires each to give notice to the other of its intention to file suit and give the other the opportunity to join. In Prucha, the court held that since the insurer did not join in the suit, the insurer was not a party and, hence, not able to claim the protections of Rule 26(b)(3), FR Civ P.

In sum, therefore, the law appears to be clear—unless the insurer is a party, such as in Kelleher v. Omark Industries, supra, it cannot resist disclosure to the defendant on the basis that what is to be disclosed was prepared in anticipation of litigation. Although the law seems clear, the result is not entirely satisfactory, since whether or not materials prepared by an insurer are prepared in anticipation of litigation will depend not on the intent of the insurer but on the fortuity of whether or not the employee acts within seven months to bring the third party action. If he does, the defendant can compel disclosure of the insurer's reports, whatever the intent of the insurer when the reports were prepared. If the employee does not sue within seven months and the insurer brings the third party action, the insurer can resist disclosure of the very same materials on the basis of Rule 26(b)(3), FR Civ P, and the court would have to make a determination as to whether the materials were, in fact, prepared in anticipation of litigation.

However, the fact that the result may be unsatisfactory cannot aid the insurer in the instant case, for the limitation of the protections of Rule 26(b)(3), FR Civ P, to parties is clearly stated in the Rule. As Justice White recently wrote in Federal Trade Commission v. Grolier, Inc., —— US —— [36 Fed Rules Serv 2d 636] (No. 82–372, 6/6/83):

"But the literal language of the Rule [26(b)(3)] protects materials prepared for *any* litigation or trial so long as they were prepared by or for a party to the subsequent litigation. See 8 J. Wright & Miller, Federal Practice and Procedure, § 2024, at 201 (1970). . . ." Id. at p 6 (slip opinion)

And since work product immunity is derived, as a federal right, only from the Federal Rules of Civil Procedure, the parameters of the protections it affords must be found in the Rule itself. It is also to be noted that although this interpretation of Rule 26(b)(3), FR Civ P, by which the workmen's compensation insurers of employers cannot claim the protections of the Rule in an action brought by the employee to enforce a third party liability, has been articulated in reported cases since 1971, there have been no amendments to Rule 26(b)(3) since 1970, despite the fact that other sections of Rule 26 were amended in 1980 and further amendments to other sections of Rule 26 are scheduled to take effect on August 1, 1983 absent action by Congress. Lastly, it should be further noted that Rule 26(b)(3), Massachusetts Rules of Civil Procedure, is identical in this regard to the Federal Rules.

For all of these reasons, it is ordered that the Defendant's Motion To Compel Discovery Of Certain Documents And Tape Recordings (#16) be, and the same hereby is, allowed, and Liberty Mutual Insurance Company is ordered,

do so within
er may . . .
), the work-
amounts it

urt, in also
e 26(b)(3),
in statutes)
; an action
: of its in-
?rucha, the
was not a
FR Civ P.
is a party,
sclosure to
. in antici-
ot entirely
: are pre-
he insurer
en months
disclosure
ie reports
and the
re of the
the court
were 'n

i the in-
'6(b)(3),
recently
ed Rules

rials
y or
ller,
p 6

rom the
affords
this in-
npensa-
in an
s been
ents to
ule 26
ule 26
ngress.
iles of

Compel
d the
dered,

## 36 FEDERAL RULES SERVICE 2d—CASES

pursuant to Rule 37(a)(2), FR Civ P, to produce the documents requested on or before the close of business on Friday, July 22, 1983.

### CHRYSLER CREDIT CORP. v. MACINO

US Court of Appeals, Seventh Circuit, June 17, 1983
36 Fed Rules Serv 2d 1197; —— F2d ——

**55a.21, 55c.1, 55c.2, 60b.202  Entry of default; relief from judgment.**

In an action seeking to enforce personal guarantees on a financing agreement between plaintiff and defendants' corporation, the district court did not abuse its discretion in entering a default when defendants failed to file an answer for over two months after it was due, despite the grant of an extension of time, and in thereafter refusing to vacate the default or to grant Rule 60(b) relief from a default judgment. Although defendants' counsel was ill, his associate could easily have filed an answer to the very simple complaint; plaintiff would be prejudiced by reopening the default since it would be required to devote time and money to additional litigation; and defendants were not prejudiced since they were not foreclosed from asserting any valid defenses they might have against plaintiff in their corporation's bankruptcy proceedings.

---

### EDITOR'S NOTE

The court's statement in fn 1 that "Rule 59 . . . had no relevance to either motion" is incorrect. A Rule 59 motion to alter or amend is appropriate after entry of a default judgment. However, the motion at issue was untimely filed 19 days after judgment and therefore did not toll the time for appeal.

The notice of appeal, filed "seventy-two days after October 8," or on December 19, was not timely with respect to the default judgment entered on November 1, and did not bring up the propriety of that judgment for review. However, the notice of appeal was timely with respect to the denial of defendants' post-judgment request for Rule 60(b) relief on November 19.

The date of "filing" of a motion for Rule 60(b) relief is irrelevant to a determination of when the time for appeal commences to run. The time for appeal from the underlying judgment on the merits should be measured from the date of the judgment, unless a timely motion of the sort enumerated in Appellate Rule 4(a)(4) is filed. The time for appeal of the disposition of the Rule 60(b) motion commences to run from the date of the order granting or denying the motion, unless a timely motion of the sort enumerated in Appellate Rule 4(a)(4) is filed. Intimations to the contrary in paragraphs seven through ten of the court's opinion are misleading.

---

Appeal from the Northern District of Illinois. Before BAUER and WOOD, Circuit Judges, and GIBSON,* Senior Circuit Judge.

BAUER, Circuit Judge. Appellants Joseph L. Macino, Mary Ann Macino, Anthony G. Macino and Michael A. Macino (collectively Macinos) appeal the district court's denial of their motions to vacate its orders granting a default

---

* The Honorable Floyd R. Gibson, Senior Judge of the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

# TAB **D**

37 FEDERAL RULES SERVICE 2d—CASES

## MAILHOT v. MONARCH MACHINE TOOL CO.

US Dist Ct, D Mass, September 16, 1983
Civil Action No. 82–0310–F
37 Fed Rules Serv 2d 207

**26b.71  Right of nonparty workmen's compensation insurer to bar discovery on work product grounds.**

Where a workmen's compensation insurer does not bring the action in the name of the injured worker, the insurer is not a "party" to the litigation and thus may not invoke the protection afforded work product under Rule 26(b)(3).

**26b.71, 26c.211  Protective order barring discovery of nonparty's work product.**

Defendant manufacturer in an action for wrongful death was not entitled to discovery from plaintiff's decedent's employer's nonparty workmen's compensation insurer of that part of a memorandum relating conversations with the insurer's counsel in which legal opinions were expressed regarding the merits of a third-party claim. While the work product doctrine was inapplicable because the insurer was not a party, the legal opinions contained in the memorandum would be excised pursuant to Rule 26(c).

**26b.71, 26b.81  Discovery of reports prepared by testifying expert for nonparty.**

In a wrongful death action brought against a machine manufacturer, defendant was not entitled to discovery from plaintiff's decedent's employer's nonparty workmen's compensation insurer of two reports made by an expert whom plaintiff intended to call at trial. The protections afforded by Rule 26(b)(4)(A)(i), unlike Rule 26(b)(3), are not limited to matters prepared in anticipation of litigation "by or for another party." There was little doubt that the reports had been prepared in anticipation of litigation by the insurer against the manufacturer in the event that the decedent's administratrix did not bring the suit in her own name.

———————

Joel F. Pierce, Morrison, Mahoney & Miller, Boston, for plaintiff.
Ralph H. Willard, Jr., Weston, Patrick, Willard & Redding, Boston, for Monarch Machine Tool Company, Inc.; Edward M. Mahoney, Boston, for Cushman Industries, Inc.

COLLINGS, United States Magistrate.  On September 13, 1979, the plaintiff's intestate, Paul R. Mailhot, was killed while operating a machine allegedly manufactured by Monarch Machine Tool Company (hereinafter, the defendant) at his place of employment, American Optical Company. Continental Insurance Company (hereinafter, Continental) is the workmen's compensation carrier for American Optical and has paid workmen's compensation benefits. The instant suit has been filed by the plaintiff against the alleged manufacturer of the machinery, Monarch Machine and Tool Company. Continental is not a party to the litigation.

On January 22, 1983, the defendant caused a subpoena duces tecum to be issued to Continental commanding production of:

"The complete workman's compensation file of Paul R. Mailhot, employee of American Optical Company. Industrial Accident Board

#927779. Records should include all reports, investigations, photo-graphs, claims for benefits, work records. Medical and hospital re-ports, witness statements and evaluations."

Continental refused to produce five documents, i.e. a memo dated September 17, 1979, a memo dated September 21, 1979, a memo dated November 16, 1979, and two reports from Frank McCardle. Continental's objection, at the time when Continental responded to the subpoena, was:

"These documents were prepared in anticipation of litigation, they are privileged as attorney work product and have been withheld for that reason."

See Exhibit B, p 13 to defendant's Motion To Compel, Etc. (#45)

The objection raised by Continental is, in essence, that the materials are protected from disclosure by Rule 26 (b) (3), FR Civ P.

[26b.71]  In the case of Greener v. American Laundry Machinery, etc., 36 FR Serv 2d 1194, (D Mass, CA 80-0304-K, 7/8/83), I ruled that in a case, such as the instant one, where the workmen's compensation insurer does not bring the action in the name of the injured worker, the workmen's compensation insurer is not a "party" to the litigation, and, therefore, not entitled to the protection of Rule 26 (b) (3), FR Civ P, which, by its terms, is limited to parties. I adhere to that ruling. I shall therefore allow the motion to compel as to the memo dated September 17, 1979 and the memo dated September 21, 1979. However, the memo to Robert Healy, Compensation Examiner from Robert Potter, dated November 16, 1979, and the two reports of Mr. McCardle require a somewhat different analysis.

[26b.71, 26c.211]  The memo of November 16, 1979 contains a report relating the conversations which Mr. Potter had with counsel to the insurer in which legal opinions are given respecting the merits of a third-party claim. This re-port clearly contains the ". . . mental impressions, conclusions, opinions, and legal theories of an attorney . . ." which Rule 26 (b) (3), FR Civ P requires the court to protect. See Hickman v. Taylor, 329 US 495, 510–11 (1947); Federal Trade Commission v. Grolier, —— US —— (51 USLW 4660, 4662) (No. 82-372, 6/6/83). In this situation, the court is not without power, despite the limi-tation of the protection of Rule 26 (b) (3) to a "party," to guard against this type of disclosure. As is pointed out in one treatise:

"To the extent that Rule 26 (b) (3), literally read, seems to give insuffi-cient protection to material prepared in connection with some other liti-gation, the court can vindicate the purposes of the work product rule by the issuance of a protective order under Rule 26 (c)."

Wright & Miller, Federal Practice and Procedure: Civil, § 2024 (West, 1970) at p 202.

Therefore, I shall issue a protective order, pursuant to Rule 26 (c), FR Civ P, denying disclosure of that portion of the November 16, 1979 memo beginning at about the middle of the first page with the words "We had the opportunity to discuss . . ." up to and including the word "design" found at the end of a sentence in the sixth line from the bottom of the first page of the memo.

[26b.71, 26b.81]  With respect to the two reports of Frank McCardle, it ap-pears that these are reports which Mr. McCardle made to Continental at its

request and that Mr. McCardle is an expert whom the plaintiff intends to call at trial. In these circumstances, I rule that discovery of his reports is governed not by Rule 26(b)(3), FR Civ P but rather by Rule 26(b)(4)(A)(i), FR Civ P. This is quite apparent from the opening phrase in Rule 26(b)(3), which reads:

"*Subject to the provisions of subdivision (b)(4) of this rule*, a party may obtain discovery of documents and tangible things. . . ." Emphasis supplied.

Rule 26(b)(4)(A)(i), FR Civ P, provides, in pertinent part:

"Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired and developed in anticipation of litigation or for trial, may be obtained only as follows:

"(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. . . ."

The first thing to note is that the protections of this Rule, unlike Rule 26(b)(3), are not limited to matters prepared in anticipation of litigation or for trial ". . . by or for another *party*. . . ." Under Rule 26(b)(4), all that is required is that the facts known and opinions held by the expert be ". . . acquired or developed in anticipation of litigation or for trial. . . ." Applying this standard to the instant case, and applying the test which this court adopted in the case of Hi-G Inc. v. Insurance Co. of North America, 35 FR Serv 2d 861 (D Mass, CA 81-2972-K, 12/16/82), there can be very little doubt that Mr. McCardle's reports were prepared "in anticipation of litigation" by the insurer against the manufacturer in the event the deceased's administratrix did not bring the suit in her own name.

Thus, since counsel for the plaintiff represented at the hearing before me that he is intending to call Mr. McCardle as a witness for the plaintiff at trial, I am of the opinion that disclosure of his reports is precluded by the provisions of Rule 26(b)(4)(A)(i) despite the fact that Continental is not a party to the instant litigation. Therefore, the motion to compel Mr. McCardle's reports will be denied without prejudice to the defendant propounding interrogatories to the plaintiff as provided by Rule 26(b)(4)(A)(i), FR Civ P.

Therefore, it is ordered that the Motion To Compel Documents (From Continental Insurance Company) (#45) be, and the same hereby is, allowed as to the following documents and parts of documents, and otherwise denied:

(1) Memo of September 17, 1979;
(2) Memo of September 21, 1979;
(3) Memo of November 16, 1979 *excluding* that portion as to which a protective order is to be issued, infra.

This action is without prejudice to the defendant filing a set of interrogatories to the plaintiff with respect to the witness McCardle as provided in Rule 26(b)(4)(A)(i), FR Civ P.

Pursuant to Rule 26(c)(1), FR Civ P, it is hereby ordered that discovery not be had of that portion of the memo of November 16, 1979 beginning at about the middle of the first page with the words "We had the opportunity to dis-

## 37 FEDERAL RULES SERVICE 2d—CASES

cuss . . ." up to and including the word "design" found at the end of a sentence in the sixth line from the bottom of page one. For record purposes, a complete copy of the November 16, 1979 memo has been placed in a sealed envelope and attached to the original of this order, said envelope to be opened only by the court for review purposes if any party files a motion for reconsideration of this order by the District Judge to whom this case is assigned.

To the extent that the Motion To Compel, Etc. (#45) has been herein allowed, the plaintiff is ordered, pursuant to Rule 37(a)(2), FR Civ P, to produce the documents on or before the close of business on Tuesday, September 27, 1983.

### STEINER v. EQUIMARK CORP.

US Dist Ct, WD Pa, January 27, 1983
Civil Action Nos. 81–1988, 81–2065, 81–2128
37 Fed Rules Serv 2d 210

**23a.36, 23a.47  Commonality and typicality requirements met in securities fraud class action.**

In an action brought against a corporation and several of its officers alleging, inter alia, a conspiracy to inflate artificially the price of the company's stock, a proposed class consisting of all purchasers of stock from February 1979 to September 1981 would meet the commonality and typicality requirements. Neither the perpetration of the alleged wrong over a long period of time and through a variety of different documents nor the presence of fluctuations in the underlying facts over the proposed class period would be sufficient to deny certification on commonality grounds. As to typicality, the proposed class members' shared interest in showing that the price of stock was inflated unlawfully would suffice to meet the requirement. Differences among class members that might arise could be handled by a variety of means, including the creation of subclasses.

**23a.555  Adequacy of representation in securities fraud suit.**

A proposed class in a securities fraud action would not be denied certification on adequacy-of-representation grounds, where 1) class members' concededly varying interests were not antagonistic; 2) plaintiffs' counsel were competent and experienced in securities litigation; and 3) plaintiffs demonstrated their awareness of the litigation's potential costs and a willingness to bear them.

**23b.33  Rule 23(b)(3) certification of securities fraud class action.**

Since the common question of whether defendant corporation and some of its officers unlawfully inflated the price of its stock and intentionally concealed its true financial condition from shareholders predominated over any individual questions, and since denial of a class action would result in both lack of redress for many injured shareholders and duplicative individual litigation, a proposed class of plaintiffs in a securities fraud suit would be certified under Rule 23(b)(3). That all class members might not have had the same information available to them because of the various documents issued by defendants at different times and because of changes in the economy during the 31-month class period did not preclude certification; where plaintiffs' allegations relate to a common course of conduct, common issues will predominate over any individual issues that might

# TAB E

it should not be a general deposition that may include the mental impressions or legal theories of the attorney with respect to this action.

The court can conceive of no reason, at least at this stage of the proceedings, why Kydd should disqualify himself from representing the defendants in this action, notwithstanding the findings of this court with respect to this motion. There is nothing presented or argued by the parties that would indicate the need for disqualification.

The only substantial argument presented by the defendant is the fact that a motion may be made to ask counsel (Kydd) to disqualify himself if he becomes a witness. The court cannot conceive that such a motion will be made. It is the plaintiffs themselves who are requesting the deposition, and they cannot benefit from obtaining the information desired through discovery and at the same time ask counsel, who is familiar with the action and who has worked on this case for some time, to disqualify himself. It is doubtful that the court would look favorably upon any such motion.

On the basis of the foregoing, this motion is denied and the deposition of Richard B. Kydd shall be taken within twenty days of the date of this order.

It is further recommended that the District Judge grant Kydd's request that he issue order of appeal pursuant to Title 28, USC §1292(b) (Referred to in Kydd's memorandum as Title 28, USC §492(b)).


UHLMAN v. McGRAW-EDISON CO.

US Dist Ct, D Mass, August 1, 1977
25 FR Serv2d 460


26b.71, 26b.72  Discovery of witness' statements; work product.

Plaintiff in a personal injury action would not be entitled to a protective order limiting the examination of witness' statements taken within five days of the accident by plaintiff's employer's workmen's compensation insurer, even though the insurer had paid compensation benefits to the plaintiff and to such extent had an interest in the litigation as subrogee. The documents did not constitute trial preparation materials since they had been prepared for the insurer, not the plaintiff, to determine whether or not plaintiff had a valid workmen's compensation claim. Moreover, even if the documents constituted work product, defendant made a sufficient showing of necessity to compel discovery in that two years had elapsed between the injury and the suit and defendant consequently could not obtain the equivalent of these materials by any other means.

———————

PRINCI, Magistrate.* This matter was heard by me on June 2, 1977. John F. Folan, Esq. ("Folan") and Joseph G. Abromovitz, Esq. ("Abromovitz"), represented the plaintiffs; Daniel J. Griffin, Jr., Esq. ("Griffin"), represented the defendants and third-party plaintiffs, McGraw-Edison Company ("MEC") and McGraw-Edison Powers Systems ("MEPS").

———————

* [For the effect of a ruling by a United States Magistrate in the District of Massachusetts, see Halder v. Digital Equipment Corp., 25 FR Serv2d 409 (D Mass 1978).—ED.]

## FACTS

Items 1 and 2 with respect to this motion have been waived by the parties. The discovery for Item 7 has already been produced.

Items 3, 4, 5, 6 and 8, all of which pertain to statements taken of witnesses and notes prepared by the investigator in anticipation of litigation, are the only items in contest.

The plaintiff claims that this discovery is subject to the work product rule.

The facts of this case are substantially outlined in the "Brief of the Defendants, McGraw-Edison Company and McGraw-Edison Powers Systems, A Division of the McGraw-Edison Company, In Support of Their Motion to Compel Discovery Pursuant to FRCP Rule 37(a)" filed May 19, 1977.

The accident occurred on October 13, 1971. The plaintiff was injured while an employee of the Cape and Vineyard Electric Company, which was insured by the Liberty Mutual Insurance Company ("Liberty"), the Workmen's Compensation carrier.

## PLAINTIFFS' CONTENTIONS

Plaintiffs contend:

1. That this action is brought pursuant to Section 15, Chapter 152 of the Massachusetts General Laws, which allows the employer or employee to proceed in a Workmen's Compensation case in a third-party action.

2. That plaintiffs in this case are represented individually.

3. That plaintiffs' attorney represents the compensation insurer; therefore, the plaintiff and insurer are really one, and the insurer is a party pursuant to Rule 26(b)(3).

4. That any investigation is on behalf of the plaintiffs and, therefore, is privileged.

5. That there has already been discovery of some persons in this matter; therefore, the investigation should not be divulged.

## DEFENDANTS' (MEC AND MEPS) CONTENTIONS

Defendants contend:

1. That statements were taken about one hour after the accident and within five days in all.

2. That the suit was commenced two years after the accident.

3. That even if this court should find that Liberty has rights as a party, under Rule 26, then there is "good cause" because of the lapse of time to grant discovery.

## QUESTIONS TO BE DETERMINED

On the basis of this motion, the following questions must be determined:

1. Should this court grant this discovery inasmuch as the claim was made two years after the accident?

2. Is it a privileged matter because it was investigated by the insurance company?

3. Are the insurance company and the plaintiffs considered as one?

## PERTINENT RULES AND LAW

Rule 26(b)(3), with respect to trial preparation materials, in pertinent part provides:

"(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b) (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means . . ." (emphasis supplied)

The first question, then, to be decided is whether the investigation in question by the insurer (Liberty) was in preparation of a trial or whether it was to determine if the plaintiff (Neil Uhlman) qualified under the Workmen's Compensation Act.

The advisory committee note to Rule 26(b) (3) says in pertinent part:

"Subdivision (b) (3) reflects the trend of the cases by requiring a special showing, not merely as to material prepared by an attorney, but also as to materials prepared in anticipation of litigation or preparation for trial by or for a party or any representative *acting on his behalf*." 48 FRD at 50.

In the instant matter, the investigators, as they were preparing the investigation, were not acting on behalf of the plaintiff; rather, they were acting on behalf of the insurer (Liberty) of the company which employed the plaintiff (Neil Uhlman). The documents were prepared for the purpose of determining whether or not this was a Workmen's Compensation claim.

However, even if these particular documents (the statements) are protected as work product, this does not mean that they cannot be made the subject of discovery, and such a document will be ordered produced if the party seeking discovery can make a sufficient showing of necessity. Truck Insurance Exchange v. St. Paul Fire and Marine Insurance Co., 66 FRD 129 (DC Pa 1975).

The argument that the plaintiff and the insurer are one and the same person in this action and should qualify under the work product rule is, in the opinion of this court, without substance.

The compensation carrier in this case was not, in the opinion of this court, a party, a representative or the insurer with respect to this particular action. Bunting v. Gainsville Machine Co., 50 FRD 594 (D Del 1971). Plaintiff is not entitled to protective order limiting the examination of alleged trial preparation documents prepared by Liberty, even though Liberty had paid compensation benefits to the plaintiff and to such extent has an interest in the litigation as subrogee.

On the basis of the foregoing, this court finds and concludes:

1. That these statements do not fall within the purview of Rule 26(b) (3) with respect to trial preparation materials by an insurer.

2. That if, in fact, the statements did come under the work product category, this court is satisfied that in light of the length of time between the injury and the suit brought by the plaintiff there is sufficient cause and substantial need for these materials by the defendants, MEC and MEPS.

3. That the defendant cannot obtain the equivalent of these materials by any other means in light of the lapse of time.

4. That the defendant cannot obtain the substantial equivalent of the statements which it seeks.

25 FEDERAL RULES SERVICE 2d—CASES

5. That this is not a situation where the defendant has ignored the discovery procedure because, in fact, it was not informed of the accident until at least two years after the accident had occurred and suit was brought.

6. That the statements in contest are relevant to the issues and form, in effect, the most reliable evidence inasmuch as they were taken within, in one instance, an hour after the accident, and at least five days after the accident.

It is, therefore, ordered that this discovery be furnished within twenty days of the date of this Order.

HARASIMOWICZ v. McALLISTER

US Dist Ct, ED Pa, February 21, 1978

25 FR Serv2d 463

26b.83  Who is "expert witness"; discovery from city medical examiner.

A city medical examiner who had performed an autopsy on plaintiff's decedent pursuant to a statutory mandate and who was to be called by defendant municipal officials as an expert witness would be treated as an ordinary witness for purposes of discovery. The examination had been made without consulting defense counsel and pursuant to the examiner's obligation to determine the cause of death; the examination which formed the basis of the examiner's opinions was a routine practice performed in the course of the examiner's duties as a city employee.

———

Joseph London, Engle and London, Philadelphia, for plaintiffs.

Stephen Saltz, Assistant City Solicitor; Joseph H. Foster, Philadelphia, for defendants.

———

HUYETT, District Judge. The estate of Leon Harasimowicz filed this civil rights action alleging that the defendants, police officers in the City of Philadelphia, had killed Leon Harasimowicz. Following the death of Harasimowicz, an autopsy was performed by Dr. Aronson, Medical Examiner for the City of Philadelphia, pursuant to the statutory duties imposed upon the Medical Examiner by 16 PS §9521[1] and §2–102 of the Philadelphia Code.[2] Defendants

———

[1] Section 9521 provides:

"Coroner to investigate facts in deaths under suspicious circumstances.

"It shall be the duty of the coroner or the deputy coroner of any county in this Commonwealth, in all cases where death is sudden or violent or is of a suspicious nature and character, to cause a careful investigation of the facts concerning said death to be made, to ascertain whether the death was due to other than natural causes, and to make or cause to be made such an autopsy as the facts of the case may demand."

[2] Section 2–102 provides:

"Coroner, Coroner's Inquest and Jury.

"(1) The Coroner is abolished and no person shall be elected as such officer.

"(2) All powers and duties previously exercised and performed by the Coroner relating to inquests shall be exercised and performed by an Examiner to be appointed by the Health Commissioner except that the Coroner's Jury is abolished.

"(3) All powers and duties previously exercised and performed by the Coroner relating to the investigation of sudden, violent and suspicious deaths and the