UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



```
*******************************
                              *
MELISSA OSTRANDER,            *
         Plaintiff,           *
                              *
v.                            *   CIVIL ACTION NO. 04-30197-MAP
                              *
HUSSMANN CORPORATION,         *
         Defendant.           *
                              *
*******************************
```

### NON-PARTY, MASSACHUSETTS RETAIL MERCHANTS INSURANCE COMPANY'S, OPPOSITION TO DEFENDANT, HUSSMANN CORPORATION'S, MOTION FOR REASONABLE ATTORNEY'S FEES

Now comes the non-party, Massachusetts Retail Merchants Insurance Company (hereinafter "Mass. Retail"), in the above-entitled action and respectfully moves this Honorable Court to deny the Defendant, Hussmann Corporation's (hereinafter "Hussmann") motion for reasonable attorney's fees.

In support of this opposition, Mass. Retail files herewith an accompanying memorandum of law and the following exhibits:

    A.    Subpoena pursuant to Fed. R. Civ. P. Rule 45;

    B.    Affidavit of Richard N. Curtin;

    C.    Affidavit of Chrisann Leal; and

    D.    Letter of Attorney Chrisann Leal to Attorney John Stewart of December 7, 2004.

WHEREFORE, for the reasons stated herein and in the accompanying memorandum of law, Mass. Retail respectfully

requests this Honorable Court to deny Hussmann's motion for reasonable attorney's fees.

                                           Respectfully Submitted,
                                           Massachusetts Retail Merchants
                                           Insurance Company,
                                           By its Attorneys,

Chrisann Leal, BBO #566402
Timothy J. Hlavac, BBO #632788
CURTIN, MURPHY & O'REILLY, P.C.
55 Summer Street, 10th Floor
Boston, Massachusetts 02110
(617) 574-1700

### Certificate of Service

    I herewith certify that on February 3, 2005, I served the within pleading on all parties by mail, postage prepaid to:

John B. Stewart, Esquire
Moriarty, Donoghue & Leja, P.C.
1331 Main Street
Springfield, Massachusetts   01103

Steven Silverman, Esquire
73 State Street, Suite 203
Springfield, Massachusetts   01103

# **EXHIBIT A**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____

Melissa Ostrander, Plaintiff

V.

Hussmann Corporation, Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-30197-KPN

TO: Robert McKeever or Custodian of Records
Massachusetts Retail Merchants Insurance Co.
190 Forbes Road, Suite 237, Braintree, MA 02184

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Moriarty, Donoghue & Leja, P.C., 1331 Main Street, Springfield, MA | 11/8/2004 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 10/4/2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John B. Stewart, Moriarty, Donoghue & Leja, P.C., 1331 Main Street, Springfield, MA 01103 ph. (413) 737-4319

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

True copies of records constituting your complete file concerning Melissa Ostrander's workers' compensation claim against Pleasant Street Market, Your File No. 8405, date of accident 4/28/02, including but not limited to the following: investigation carried out with respect to the employee's claim and the employer's liability, statements taken as part of that investigation of the employee or any other person or party, photographs taken of the place of the employee's injury, surveillance reports, first report of injury, weekly indemnity payments made to Ms. Ostrander, and the dates thereof, IME reports, medical records and reports, hospital records, total amount of any lien against Ms. Ostrander's third party action, total of medical bills paid, vocational reports, nurse/case manager reports and utilization review reports.

From the Office of:
MORIARTY, DONOGHUE & LEJA, P.C.
1331 Main Street
Springfield, MA 01103
(413) 737-4319


N.B. ALTERNATIVE COMPLIANCE with this subpoena may be accomplished by delivering up CERTIFIED COPIES of the requested records by mail to the office defendant's counsel on or before five days prior to the scheduled date of the deposition.

# EXHIBIT B

## AFFIDAVIT OF RICHARD N. CURTIN

I, Richard N. Curtin, on oath do depose and state as follows:

1. I am an attorney in good standing, licensed to practice law in the Commonwealth of Massachusetts.

2. I am a named partner in the law firm of Curtin, Murphy & O'Reilly, P.C., 55 Summer Street, Boston, Massachusetts.

3. My office was contacted by Massachusetts Retail Insurance Company for the purpose of responding to a subpoena *duces tecum* in connection with the matter of Melissa Ostrander v. Hussman Corporation, United States District Court, District of Massachusetts, Civil Action No. 04-30197-MAP.

4. In or around the first week of December, 2004, I had a telephone communication with Attorney John B. Stewart, counsel for Hussman Corporation. During the telephone communication, Attorney Stewart and I discussed the scope of the subpoena. Attorney Stewart represented to me that the purpose of the subpoena was to obtain copies of the Plaintiff, Melissa Ostrander's, medical records, and that Attorney Stewart was interested in obtaining all medical records and reports in the possession of Massachusetts Retail Insurance Company. It was my understanding, based on my conversation with Mr. Stewart, that Massachusetts Retail Insurance Company could comply with the subpoena by producing to Mr. Stewart only the medical records and reports pertaining to the Plaintiff which were in the possession, custody or control of Massachusetts Retail Insurance Company.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS, 2nd DAY OF FEBRUARY, 2005.

/s/ Richard N. Curtin
Richard N. Curtin
Curtin, Murphy & O'Reilly, P.C.
55 Summer Street, 10th Floor
Boston, Massachusetts 02110
(617) 574-1700

# EXHIBIT C

## AFFIDAVIT OF CHRISANN LEAL

I, Chrisann Leal, on oath do depose and state as follows:

1. I am an attorney in good standing, licensed to practice law within the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts.

2. I am a junior partner in the law firm of Curtin, Murphy & O'Reilly, P.C., 55 Summer Street, Boston, Massachusetts.

3. My office was contacted by Massachusetts Retail Insurance Company for the purpose of responding to a subpoena *duces tecum* in connection with the matter of <u>Melissa Ostrander v. Hussmann Corporation, United States District Court, District of Massachusetts, Civil Action No. 04-30197-MAP</u>.

4. In or around the first week of December, 2004, Attorney Richard N. Curtin of my office had a meeting with me, wherein he advised that he had spoken to Attorney John B. Stewart, counsel for Hussmann Corporation. During my meeting with Attorney Curtin, I was further advised that Attorney Stewart was looking for only the medical records and reports that Massachusetts Retail Insurance Company had in its possession pertaining to Melissa Ostrander.

5. Following my meeting with Attorney Curtin, I telephoned the office of Attorney Stewart in order to discuss the scope of the subpoena, the records that were going to be produced by Mass. Retail Insurance Company in response to the subpoena, and the time frame within which the records were going to be produced. I was advised that Attorney Stewart was not in the office, so I left him a voice mail message. I am not aware of Attorney Stewart ever returning my call.

6. I have reviewed Attorney Stewart's December 9, 2004 letter addressed to me and which is included as an exhibit to Hussmann Corporation's motion to compel. I have no recollection of having received that letter or of having seen that letter prior to receipt of Hussmann Corporation's motion to compel. I have reviewed my time sheets for the month of December, 2004, which do not include an entry for having received Attorney Stewart's December 9, 2004 letter, nor do I have any other documentation evidencing receipt of the letter.

7. After receiving Hussmann Corporation's motion to compel, I telephoned Attorney Stewart's office. To the best of

my memory, I telephoned Attorney Stewart's office on December 22, 2004. I also have a specific memory of having telephoned his office again on December 23, 2004. On both occasions, I was informed that Attorney Stewart was away from the office, so I left two voice mail messages for him. I also recall receiving a voice mail message from Attorney Stewart during that period of time, but we never were able to have a substantive conversation or otherwise confer regarding Massachusetts Retail Insurance Company's response to the subpoena.

8. I was out of the office from December 27, 2004 through December 31, 2004, but I am not aware of any telephone messages or written communications that Attorney Stewart left or sent for me during that period of time.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS, __2nd__ DAY OF FEBRUARY, 2005.

Chrisann Leal
Curtin, Murphy & O'Reilly, P.C.
55 Summer Street, 10th Floor
Boston, Massachusetts 02110
(617) 574-1700

# EXHIBIT D

# CURTIN, MURPHY & O'REILLY, P.C.

WILLIAM H. MURPHY
THOMAS P. O'REILLY
RICHARD N. CURTIN
LINDA C. SCARANO
LINDA D. OLIVEIRA††
PAUL M. MORETTI
CHRISANN LEAL
CALISTA L. MAHARAJ
TIMOTHY J. HLAVAC
GEORGE D. KELLY†

WRITER'S DIRECT DIAL NUMBER:
(617) 574-1711

COUNSELLORS AT LAW
55 SUMMER STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 574-1700
FACSIMILE (617) 574-1710

FALL RIVER OFFICE
45 NORTH MAIN STREET
FALL RIVER, MA 02720
TEL (508) 678-9050
FAX (508) 678-6111

RHODE ISLAND OFFICE
270 GANO STREET
PROVIDENCE, RI 02906
TEL (401) 751-5270
FAX (401) 331-2068

†ALSO ADMITTED IN RHODE ISLAND
††ALSO ADMITTED IN RHODE ISLAND
AND NEW HAMPSHIRE

December 7, 2004

John B. Stewart, Esquire
**MORIARTY, DONOGHUE & LEJA, P.C.**
1331 Main Street
Springfield, Massachusetts 01103

RE:   Melissa Ostrander v. Hussmann Corporation
      United States District Court
      <u>Case No. 04-30197-KPN</u>

Dear Mr. Stewart:

This office represents Mass. Retail Merchants Insurance Company. We are writing to acknowledge receipt of the subpoena *duces tecum* that was served on Mass. Retail Merchants Insurance Company in connection with the above-entitled matter. In response to the subpoena, we are enclosing herewith documents from Mass. Retail Merchants Insurance Company's workers' compensation file, including medical records, medical bills, nurse case management reports, utilization reports, documents evidencing payments made to Ms. Ostrander, documents evidencing any liens, and reports filed with the Department of Industrial Accidents. Please be advised that we have withheld documents which we contend are privileged, including internal communications between claims persons of Mass. Retail Merchants Insurance Company and file activity notes.

We hope you find the enclosed documents to be helpful and responsive to the deposition subpoena. If you have any questions, please feel free to contact the undersigned.

*Curtin, Murphy & O'Reilly, P.C.*

John B. Stewart, Esquire
MORIARTY, DONOGHUE & LEJA, P.C.
December 7, 2004
Page 2

---

Thank you for your attention to this matter.

Very truly yours,

CURTIN, MURPHY & O'REILLY, P.C.

Chrisann Leal

CL:
Enclosures