UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 FEB -3 P 2: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
*******************************
                              *
MELISSA OSTRANDER,            *
          Plaintiff,          *
                              *
v.                            *    CIVIL ACTION NO. 04-30197-MAP
                              *
HUSSMANN CORPORATION,         *
          Defendant.          *
                              *
*******************************
```

### MEMORANDUM IN SUPPORT OF NON-PARTY, MASSACHUSETTS RETAIL MERCHANTS INSURANCE COMPANY'S, OPPOSITION TO DEFENDANT, HUSSMANN CORPORATION'S, MOTION FOR REASONABLE ATTORNEY'S FEES

The non-party, Massachusetts Retail Merchants Insurance Company (hereinafter "Mass. Retail"), submits the following memorandum in support of its opposition to Defendant, Hussmann Corporation's (hereinafter "Hussmann"), motion for reasonable attorney's fees.

I.    Background

It is Mass. Retail's understanding and belief that this is a products liability action arising out of an industrial injury sustained by the Plaintiff, Melissa Ostrander (hereinafter "Plaintiff"). (Def.'s Mem. Supp. Order Comply Subpoena at p. 1.) Pursuant to Massachusetts General Laws c. 152, Mass. Retail acted as the self-insurer for the Plaintiff's employer, Pleasant St. Market, Inc.

Hussmann served Mass. Retail with a deposition subpoena *duces tecum* pursuant to Fed. R. Civ. P. Rule 45. (See Subpoena, attached hereto at Ex. A.)  The subpoena called for the production of "[t]rue copies of records constituting your complete file concerning Melissa Ostrander's workers' compensation claim against Pleasant Street Market...including but not limited to the following: investigation carried out with respect to the employee's claim and the employer's liability, statements taken as part of that investigation of the employee or any other person or party, photographs taken of the place of the employee's injury, surveillance reports, first report of injury, weekly indemnity payments made to Ms. Ostrander, and the dates thereof, IME reports, medical records and reports, hospital records, total amount of any lien against Ms. Ostrander's third party action, total of medical bills paid, vocational reports, nurse/case manager reports and utilization review reports." (Id.)

Mass. Retail requested the office of Curtin, Murphy & O'Reilly to respond to the subpoena on its behalf. (See Affidavit of Richard N. Curtin at ¶ 3 at Ex. B.)  During the first week of December, 2004, Attorney Richard Curtin had a telephone conversation with Attorney John Stewart, counsel for Hussmann, regarding the scope of the subpoena. (Id. at ¶ 4.)

- 2 -

During that telephone conversation, Attorney Stewart represented that he was interested only in receiving the Plaintiff's medical records and reports.  (<u>Id.</u> at ¶ 4.)  Based on that telephone conversation, Attorney Curtin was under the belief that Mass. Retail could comply with the subpoena by producing only the medical records and reports pertaining to the Plaintiff within the possession, custody or control of Mass. Retail.  (<u>Id.</u>)

Following the telephone conversation with Attorney Stewart, Attorney Curtin had an inter-office meeting with Attorney Chrisann Leal for the purpose of discussing the scope of the subpoena and the records to be produced in response thereto.  (<u>See</u> Affidavit of Chrisann Leal at ¶ 4 at Ex. C.)  Attorney Leal then began to review Mass. Retail's file pertaining to the Plaintiff.  In addition, Attorney Leal telephoned the office of Attorney Stewart for the purposes of confirming the category of records Hussmann was seeking production of and advising Attorney Stewart when he could expect to receive said records.  (<u>Id.</u> at ¶ 5.)  Attorney Leal was advised that Attorney Stewart was not in his office, so she left him a voice mail message.  (<u>Id.</u>)  Attorney Stewart did not respond to Attorney Leal's voice mail message.  (<u>Id.</u>)

On or about December 7, 2004, Attorney Leal mailed to Attorney Stewart approximately two inches of documents.  The

- 3 -

cover letter accompanying the documents specifically stated that
the documents being produced in response to the subpoena included
medical records, medical bills, nurse case management reports,
utilization reports, documents evidencing payments made to the
Plaintiff, documents evidencing any liens, and reports filed with
the Department of Industrial Accidents.  (See Letter from
Attorney Leal to Attorney Stewart of 12/7/04 at Ex. D.)  The
letter also stated that internal communications between claims
persons at Mass. Retail and file activity notes were being
withheld.  (Id.)

     In support of its motion for an order compelling Mass.
Retail to comply with the subpoena, Hussmann has submitted a copy
of a letter dated December 9, 2004 from Attorney Stewart to
Attorney Leal.  (Affidavit of John B. Stewart at ¶ 4.)  In his
December 9th letter, Attorney Stewart calls upon Mass. Retail to
properly identify all withheld documents and to identify which
privileges were being relied upon, or otherwise Hussmann would
file a motion to compel.  (Id.)  Attorney Leal does not have any
recollection of, or any documentation evidencing, receipt of
Attorney Stewart's December 9th letter.  (See Affidavit of
Chrisann Leal at ¶ 6 at Ex. C).  To the best of Mass. Retail's
knowledge, after December 9, 2004, Attorney Stewart made no

attempt to contact Curtin, Murphy & O'Reilly either by telephone
or mail to discuss Mass. Retail's response to the subpoena.

Then, on or about December 21, 2004, Attorney Leal was
served with a motion for an order compelling Mass. Retail to
comply with the subpoena and for reasonable attorney's fees.
Upon receipt of the motion, Attorney Leal contacted Attorney
Stewart's office, but was informed that Attorney Stewart was not
in.  (Id. at ¶ 7.)  Between December 21, 2004 and December 23,
2004, Attorney Leal and Attorney Stewart exchanged several voice
mail messages, but never were able to have a substantive
discussion regarding the motion or Mass. Retail's response to the
subpoena.  (Id.)

Attorney Leal was away from the office from December 27,
2004 through December 31, 2004, but she is not aware of any
attempts by Attorney Stewart to contact her, nor has any such
representation been made by Attorney Stewart.  (Id. at ¶ 8.)
According to Attorney Leal's calculations, any opposition of
Mass. Retail to Hussmann's motion was due on January 4, 2004.
However, Mass. Retail decided not to oppose the motion, and
instead, to produce the entire contents of its file.  On or about
January 5, 2005, Attorney Leal produced to Attorney Stewart Mass.
Retail's entire file pertaining to the Plaintiff.  Subsequently,
on January 10, 2005, Hussmann withdrew its motion for an order

- 5 -

compelling compliance with the subpoena, but kept pending before

the Court its motion for attorney's fees pursuant to Fed. R. Civ.

P. Rule 37(a)(4). By the time, Hussmann withdrew its motion, the

Court (Neiman, J.) had already allowed the motion in its entirety

on January 7, 2005. Mass. Retail was then given until February

3, 2005 in which to respond to Hussmann's motion for attorney's

fees.

II.  Argument

    Fed. R. Civ. P. Rule 37(a)(4) provides, in relevant part:

> If the motion [to compel] is granted or if
> the disclosure or requested discovery is provided
> after the motion was filed, the court shall,
> after affording an opportunity to be heard,
> require the party or deponent whose conduct
> necessitated the motion or the party or attorney
> advising such conduct or both of them to pay
> the moving party the reasonable expenses incurred
> in making the motion, including attorney's fees,
> unless the court finds that the motion was filed
> without the movant's first making a good faith
> effort to obtain the disclosure or discovery
> without court action, or that the opposing
> party's nondisclosure, response, or objection
> was substantially justified, or that other
> circumstances make an award of expenses unjust.

Fed. R. Civ. P. Rule 37(a)(4)(A).

    In determining whether to impose sanctions, the court

retains some discretion in the matter.  4 Charles A. Wright &

Arthur R. Miller, Federal Practice and Procedure § 2288, p. 787,

cited in LFE Corp. v. Dryteck, Inc., No. 81-2902-N, 1983 U.S.

Dist. Lexis 16098 at *3 (D. Mass. June 21, 1983).  The
circumstances of this case do not warrant the imposition of
sanctions against Mass. Retail.  Mass. Retail did not refuse or
ignore the subpoena.  Cf. Aetna Casualty & Surety Co. v. Rodco
Autobody, 130 F.R.D. 2,3 (D. Mass. March 22, 1990) (non-party
witnesses objected to subpoena on date set for deposition but did
not appear at deposition or produce requested documents).  To the
contrary, Mass. Retail responded to the subpoena by producing two
inches of documents, together with a letter that clearly
articulated the category of documents being produced.  While it
is true that Mass. Retail initially withheld certain documents,
including file activity notes and inter-office communications
between its agents, servants and employees, at the time it
responded to the subpoena, Mass. Retail was under the good faith
belief that it had satisfied the subpoena by producing all of the
medical records and reports pertaining to the Plaintiff in
accordance with the conversation between Attorney Curtin and
Attorney Stewart.  To impose sanctions under these circumstances
would be unjust.  See generally 7 James W. Moore et al., Moore's
Federal Practice § 37.23(3) (courts might conclude that an award
of expense shifting sanctions would be unjust when the party's
position appeared to have been the product of a good faith
misunderstanding of its rights and obligations).

- 7 -

Moreover, Hussmann made no good faith effort to resolve the alleged discovery dispute without judicial intervention as required by Fed. R. Civ. P. Rule 37(a)(4)(A) and L.R. 7.1 and L.R. 37.1. As grounds for its motion to compel and for attorney's fees, Hussmann asserts that Attorney Stewart sent Attorney Leal a letter on December 9, 2004, requesting that Mass. Retail identify all documents withheld and identify which privileges were being relied upon, or Hussmann would file a motion to compel. (Affidavit of John B. Stewart at ¶ 4.) Attorney Leal has no recollection of having received that letter. (See Affidavit of Chrisann Leal at ¶ 6.) Even assuming for purposes of this opposition however, that Attorney Stewart's letter was received by Attorney Leal's office, one single letter does not constitute a good faith effort to confer. See Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996) (explaining that L.R. 37.1 requires that counsel for the moving party must arrange a conference in order to attempt in good faith to narrow the areas of disagreement, and that, only if the parties fail to agree or opposing counsel fails to appear at a requested discovery conference, can a moving party file a motion to compel). Hussmann does not assert that its counsel made any attempt to contact Curtin, Murphy & O'Reilly by telephone at any time regarding the alleged discovery dispute, nor does it assert

- 8 -

that its counsel scheduled or even attempted to schedule a

discovery conference.  Instead, after drafting only one letter,

Attorney Stewart filed a motion to compel.  To award Hussmann the

costs associated with filing that motion under these

circumstances would be unjust.

WHEREFORE, Mass. Retail respectfully requests this Honorable

Court to deny Hussmann's motion for attorney's fees.

Respectfully Submitted,
Massachusetts Retail Merchants
Insurance Company,
By its Attorneys,

Chrisann Leal, BBO #566402
Timothy J. Hlavac, BBO #632788
CURTIN, MURPHY & O'REILLY, P.C.
55 Summer Street, 10th Floor
Boston, Massachusetts 02110
(617) 574-1700

### Certificate of Service

I herewith certify that on February 3, 2005, I served the within
pleading on all parties by mail, postage prepaid to:

John B. Stewart, Esquire
Moriarty, Donoghue & Leja, P.C.
1331 Main Street
Springfield, Massachusetts    01103

Steven Silverman, Esquire
73 State Street, Suite 203
Springfield, Massachusetts    01103