TAB C

TAB C



# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

MELISSA OSTRANDER,           CIVIL ACTION NO. 04-30197-MAP

v.

HUSSMANN CORPORATION,
Defendant

## PLAINTIFF'S ANSWERS TO INTERROGATORIES OF THE DEFENDANT HUSSMANN CORPORATION

1.  Please state your name, residence, occupation, business address and the name of your employer, and your job title, position and duties.

Answer: Melissa Ostrander, 9 Grove Ave, Westfield, MA 01085; unemployed.

2.  Do you claim that a product supplied by Hussmann Corporation was defective? If so, please state the basis of your claim that the product supplied by Hussmann Corporation was defective.

Answer: Yes. The basis for my claim that the grinder was defective is the design and operation of the product itself, observations of the grinder by my expert Wilson Dobson, photographs of the grinder and its accessories, the circumstances of my accident and research of literature on the safety of meat grinders, more specifically described as follows:

> a. The grinder has no emergency shut off switch. The grinder has an auger which does not stop rotating immediately when power is killed. The opening for the feeding part of the meat is large enough for certain hands and arms particularly younger slimmer individuals. The wooden push stick is not adequate to perform its function. The distance from the


DEFENDANT'S EXHIBIT #1 7-24-05

opening of the auger is too short, approximately the distance from the plaintiff's finer tips to her wrist.

    b. The following publications contributed to the basis for our opinion regarding the grinder.

1. National Institute For Occupational Safety & Health (NIOSH) FACE Report No. 2001-05, June 11, 2001.
2. OSHA letter to Attorney James Tourtelotte of January 28, 1982 regarding OSHA standards.
3. OSHA letter to Vincent Biro of Biro Manufacturing Company of February 14, 1978 regarding safety characteristics of most tenderizers and choppers (grinders.)
4. ANSI Standards regarding warning labels

3. If you claim that Hussmann Corporation supplied a defective product which caused or contributed to cause your injuries, please:
    a.    identify the product which you claim was defective;
    b.    state precisely what attributes, features and/or qualities about such product make it defective;
    c.    state precisely how such attributes, features and/or qualities caused or contributed to cause the injuries claimed by you in this lawsuit.

Answer: a. Hussman grinder.

    b. See Answer #2.

    c. If persons with small hands and writs use their hand to feed the meat into the opening, there is a short distance to the auger. My hand came in contact with the auger and it pulled my fingers so I was afraid to attempt to pull my hand out. Although I shut off the grinder, I believe the motor turns the auger briefly even after the shut-off. Since the on/off switch is not an emergency stop switch,

when my co-worker came in she didn't realize the switch was in the off position and turned it back on. Customarily workers did not use the wooden push stick since it was not very useful. It might be used if the meat was stuck in the opening.

3. (extra)  Do you claim a product supplied by Hussmann Corporation was defective in design? If so, state the basis for that claim, including any reasonable alternative design you claim should have been used.

Answer: Yes. See Answers #2 and #3.

The opening could have been smaller at the point of contact with the auger to prevent small hands from being caught. It could have been tapered much like a funnel. There could have been an emergency shut off switch or button. The motor could have been designed to bring the auger and blade to an instant top when power is cut off.

4. If you claim that the product identified in your complaint was defective due to insufficient warnings or the lack of an appropriate warnings or instructions, please state fully and completely:

    a.    exactly what warnings and/or instructions were **given**;

    b.    exactly what warnings and/or instructions should have been given;

    c.    the manner in which such warnings and/or instructions (according to your claim) should have been given;

    d.    state the basis of your claim that the product was defective on account of lack of warnings and/or instructions.

Answer: a. There were no warnings concerning the danger of using hands to feed the meat.

b. Warnings on the machine in a conspicuous place where the operators would see them could have warned that the distance from the opening to the

dangerous mechanism was very short and fingers could get caught and pulled into the grinder resulting in serious injury.

    c. See # b.

    d. There were no warnings and any dangerous machine should have warnings designed to be clearly visible to the operator.

6. Pursuant to Fed. R. Civ. P. 26(b)(i) and Local Rule 26.5(c)(3), please **identify** by name and address persons who have knowledge of discoverable matters. For the purposes of this interrogatory, "discoverable matters" refers to the allegations set forth in your complaint.

Answer:    Irene Ring    Cheri Barbara

              Westfield, MA    Wyben, MA

Other employees of the Deli are familiar with the machine but were not present at the time of my accident.

Mr. William Barry, owner of the Deli.

Ambulance and fire department personnel who came to help me. Names in report.

The hospital personnel, named in hospital records.

Dr. Stephen Wenner, E.R. surgeon

Michael Amrich, prosthetist orthotist, 419 Brookline Avenue, Boston, MA 02215.

My parents, Laurie and Henry Ostrander, 9 Grove Avenue, Westfield, MA had knowledge of my problems with the hand and pain and suffering after the accident.

My doctor, Miriam I. Leveton, psychologist of 123 Dwight Road, Longmeadow, MA.

7. Please set forth in full and itemize all damages suffered or incurred by you as a result of any claimed defect in the product supplied by Hussmann Corporation, and kindly provide an explanation how you arrive at the amount of your damages.

Answer: I lost the fingers and thumb of my left hand. My medical expenses were paid by workers compensation and are itemized in their records. I believe my employability has been hampered by my injury. I had wanted to study culinary arts. I have been denied waitressing jobs due, in my opinion, to my hand injury. I am being evaluated by a vocational counselor and will provide any opinion as to future loss of earning capacity when received.

8. Please identify each person who has inspected the product which is the subject of your claim against Hussmann Corporation, whether on your behalf or otherwise.

Answer: Wilson Dobson, our expert engineer; my attorneys; a representative of Hussman; OSHA.

9. Please identify any person who conducted an investigation of any aspect of the your accident for which you claim compensation in this case, including but not limited to investigators hired by you or your attorneys, state or local police, and state Department of Labor and Industries and OSHA.

Answer: See #8. Also an investigator John C. Stankard, JKL Reports, 259 Main Street, Milford, MA 01757.

10. If you intend or expect to offer opinion testimony of any person or expert at trial of this action, please state as to each such person his or her name, qualifications, field of expertise, a summary of the facts and opinions of each such person or expert, and the grounds or authoritative basis for each such opinion or conclusion.

Answer: Wilson Dobson, Binary Engineering, see CV attached. For his opinions and the facts and basis see Answer #2, 3c. and Extra #3 and #4.

11. With respect to your allegations that Hussmann Corporation breached the implied warranty of fitness for a particular purpose in supplying the product, please state the basis of such claim.

Answer: See Answer s #2, 3 c., Extra 3 and #4.

12. Please state the dates of all periods of total disability from your employment, and partial disability from employment, following your accident.

Answer: I was unable to work for about six months after the accident. I worked for eight months at On The Border in West Springfield as a hostess. I wanted to train as a waitress but the company would not. I got a job at Cracker Barrel in Holyoke as a waitress. I did some dancing at a lounge for about three weeks.

13. Please state how the accident which is the subject of this lawsuit happened, setting forth everything that occurred and which you did, observed, said or heard in the five minutes leading up to the accident.

Answer: Cheri and I were working at the register. Irene was in the deli area making salad or something. I went to a customer, who wanted hamburger (one pound). I went into the cooler area where the grinder was. There was some hamburger already ground by someone previously as was the custom.

I turned the machine on and grabbed hamburg meat with the left hand and put it in the hole. The meat got stuck. Normally I put a whole handful in the opening. I pushed the meat into the hole to get it moving.

I next thing I remember is my left hand being pulled into the machine. I was in a lot of pain and did not try to pull my hand out. I switched the machine

off. I yelled for help and kicked the door to the cooler open twice so someone would hear me.

Irene came in and flipped the switch back on and I then turned it off again. Sheri came in. Someone called an ambulance.

14. Kindly describe in full and complete detail all medical treatment sought by you as a result of the accident or incident set forth in your complaint, including in your answer the dates and places of all treatment, the names of each medical provider, the complaints or symptoms for which you sought treatment, and the nature of the treatment provided on each doctor's visit or hospital visit or admission.

Answer: I was taken to Baystate Medical Center where my hand was removed from the piece of grinder mechanism and then operated on. See the hospital records for details.

Subsequently, I was fitted for metal prosthetic device at Shriners Hospital. Michael Amrich, CPO, a prosthetist orthotist of 419 Brookline Ave., Boston, MA 02215 fitted me for a prosthetic hand.

I also had psychological therapy with Miriam I. Leveton. See her office records for dates and details.

I had physical therapy at Shriners Hospital for about three months about 8-12 after the accident.

I had occupational therapy following the accident for about 8 months at Apex Healthcare Services at 1985 Main Street, Springfield, MA; Mary Lynn Jacobs did the therapy.

Subsequently, I was fitted for metal prosthetic device at Shriners Hospital. Michael Amrich, CPO, a prosthetist orthotist of 419 Brookline Ave., Boston, MA 02215 fitted me for a prosthetic hand.

I also had psychological therapy with Miriam I. Leveton. See her office records for dates and details.

I had physical therapy at Shriners Hospital for about three months about 8-12 after the accident.

I had occupational therapy following the accident for about 8 months at Apex Healthcare Services at 1985 Main Street, Springfield, MA; Mary Lynn Jacobs did the therapy.

15. If you claim that any person other than the defendant was responsible in whole or in part for causing or contributing to cause your injury, please identify each other person and state exactly what each such other person did or failed to do which caused or contributed to cause your injury.

Answer: N/A.

Signed under the pains and penalties of perjury this 14 day of July, 2005.

MELISSA OSTRANDER, Plaintiff

*/s/ Melissa Ostrander*

CERTIFICATE OF SERVICE

I, STEPHEN W. SILVERMAN, ESQ. of 73 State Street, Springfield, MA hereby certify that on July 15, 2005 I caused a copy of the foregoing to be served on all counsel of record or pro-se parties by first class postage prepaid mail or via fax.

By */s/ Stephen W. Silverman*
STEPHEN W. SILVERMAN, ESQ.
73 State Street, Suite 203
Springfield, Ma. 0110
(413) 788-6188    fax (413) 736-4968
BBO# 463020

Tab - D

TAB D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA OSTRANDER, Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-30175-MAP |
| ) | |
| HUSSMANN CORPORATION, Defendant ) | |

ANSWERS OF THE DEFENDANT TO
INTERROGATORIES PROPOUNDED BY THE PLAINTIFF

\* \* \*

10. During what period of time did Hussmann, Allied Store Utilities Co. or any of their subsidiaries, subcontractors or any other business entities with which they were affiliated, manufacture meat grinders?

A. The model 1200 meat grinding machine was manufactured in the 1940's by Allied, and until 1947 the grinders would have displayed both the Allied and Hussmann names. I understand that the manufacturing of meat grinding machines stopped entirely about 1950.

\* \* \*

VERIFICATION

State of Missouri
St. Louis County

    Brian Hostetler, having been first duly sworn, deposes and says that:
    He is Vice President, Law Department of Hussmann Corporation and is authorized to make and makes this affidavit for and on its behalf.
    He has read the foregoing answers to interrogatories and the information contained in said answers has been collected and made available to him by others and the same are true to the best of his knowledge and belief and within the knowledge of the corporation.
    Signed under the pains and penalties of perjury, this ___ day of March. 2005.

                                                        _____/s/_____
                                                        Brian Hostetler, on behalf of Hussmann
                                                        Corporation