UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELISSA OSTRANDER, )
        PLAINTIFF )
    )
v. ) CIVIL ACTION NO. 04-30197-MAP
    )
HUSSMAN CORPORATION, )
        DEFENDANT )

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**I. Introduction**

    Plaintiff Melissa Ostrander has sued Defendant Hussman Corporation. The Plaintiff's complaint includes a claim of negligence by a failure to warn of the dangers associated with the operation of a grinder. On October 12, 2004 the Defendant filed a motion for partial summary judgment for the failure to warn claim. This memorandum is submitted in opposition to the Defendant's motion for partial summary judgment.

**II. Statement of Material Facts**

    On April 28, 2002, the plaintiff suffered injury while working at the Pleasant Street Market in Westfield. Depo. Melissa Ostrander (Exhibit 1) 7:3-4 (Aug. 24, 2005). At the time of the accident, the plaintiff had just turned eighteen years old. Id. at 7:4. The plaintiff worked at the Pleasant Street Market for almost a year prior to the injury. Id. at 8:20-23.

    The Plaintiff's injury occurred when she was operating the grinder to prepare fresh ground beef for a customer at the market. Id. at 126:16 to 127:7. She fed the meat

through the grinder once and then placed the meat into the grinder a second time, as was the standard practice at the market. Id. at 132:5-6. The Plaintiff used her left hand to push the meat through the grinder on this second pass. Id. at 132:12-15. During this second grinding of the meat, the grinder pulled her hand in with the meat. Id. at 134:3-5.

The Plaintiff immediately felt pain coming from her hand inside the grinder. Id. at 134:18-19. The paramedics arrived and took the Plaintiff to Baystate Medical Center. Id. at 137:20. As a result of having her hand pulled into the grinder, the Plaintiff had lost the fingers and the thumb on her left hand. Plaintiff's Answers to Interrogatories (Exhibit 2), No. 7 (July 14, 2005.)

Because of her injury, the Plaintiff was unable to attend the culinary school that had already accepted her. Depo. Ostrander at 68:13-17. She has also had difficulty in maintaining consistent employment because of her injury. Id. at. 80:19 to 89:14.

A predecessor corporation to the defendant, Hussman Corporation, allegedly manufactured the grinder that injured the plaintiff. Defendant's Answers to Interrogatories (Exhibit 3), No. 10. There were no warnings on the grinder. Plaintiff's Answers to Interrogatories No. 4 (a). There was no type of guard at the opening where the meat was fed through the machine. Depo. Ostrander at 150:9.

The Plaintiff was never warned to not feed meat by hand into the grinder. Affidavit of Melissa Ostrander (Exhibit 4) ¶ 2 (Nov. 16, 2005). The Plaintiff witnessed other employees using their hands to push meat into the grinder. Depo. Ostrander at 42:12 to 45:17. Despite Plaintiff knowing that there were moving parts in the machine, the Plaintiff did not understand how the grinder actually worked. Id. at 142:8 to 143:2.

The Plaintiff was not aware of any risk associated with using her hands to feed meat through the machine. Affidavit of Melissa Ostrander ¶ 2.

### III. Argument

A party is entitled to summary judgment when there is no dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Even though the Defendant brought this motion, there still exists a dispute as to material facts. Therefore the Defendant is not entitled to judgment as a matter of law.

   A. THE PLAINTIFF BELIEVED THERE WAS NO RISK OF INJURY IF THERE WAS MEAT PRESENT IN THE GRINDER.

The Plaintiff had witnessed, on numerous occasions, operators safely feed meat into the grinder by use of their hands. Affidavit of Ostrander ¶ 3. These observations of their performance made the Plaintiff believe that there was no danger associated with pushing meat into the grinder and that there was no risk of injury. Id. at ¶ 2. So long as there was meat present in the grinder, there was no possibility of sustaining an injury because there was no warning and there were no guards or other impediments to circumvent. Affidavit of Ostrander ¶ 2 to ¶ 4. The Plaintiff believed that only the meat would enter into an area of the machine that might cause potential harm. Id.

In addition to observing others perform this manual method for feeding meat into the grinder, the Plaintiff, had on other occasions, used her hands to feed meat into the grinder without sustaining any injury. Depo. Ostrander at 30:16 to 35:17. There were no warnings or cautions displayed on the machine prohibiting this manual feeding process.

It should also be noted that the victim was a young girl, who had turned 18 just four (4) days before the accident. Id. at 7:5. She had no history of operating such machinery. Id. at 9:1 to 27:23. She had received no training on operating the grinder. Id. at 41:11 to 42:19. Her only experience with the grinder came from her observations of other employees using it. Id. at 40:21 to 44:12.

In evaluating the meat grinder, plaintiff's expert found that "[e]ven though Ms Ostrander was aware of a hazard **the record is not clear if she knew the consequences of the hazard,** or that her fingers were either close to the auger or susceptible to being drawn in. Had a warning been present it could have altered her behavior thereby preventing the accident." (Emphasis Added) Exhibit Five - Report of Plaintiff Expert Wilson G. Dobson, P.E., page 3.

B. IN THE ALTERNATIVE TO ABOVE ARGUMENT, THE TRIER OF FACT SHOULD DETERMINE WHETHER THE DEFENDANT OWED A DUTY TO WARN PLAINTIFF OF ANY RISKS ASSOCIATED WITH THE GRINDER

One of the claims in this action is that the Defendant had a duty to warn any possible users of the grinder about any risks involved in its use. In Vassallo v. Baxter Healthcare Corporation, the Supreme Judicial Court of Massachusetts adopted Restatement (Third) of Torts: Products Liability §2 (c) when reaching their conclusion about a defendant's duty to warn. 428 Mass 1, 22-23 (1998). The Restatement states a product is defective when the manufacturer fails to provide adequate instructions and warnings that would have "reduced or avoided" foreseeable risks and harms caused by the machine. Restatement (Third) of Torts: Products Liability §2 (c). It goes on to state that such warnings are not required when the risks are obvious to the user. Id. "When

reasonable minds may differ as to whether the risk was obvious or generally known, the issue is to be decided by the trier of fact." Id. at comment j.

It is not disputed, in the instant case, that the machine has no warnings posted on it. Plaintiff's Answers to Interrogatories No. 4 (a). There was nothing to suggest that the Plaintiff should not use her hands when feeding the grinder. Affidavit of Ostrander ¶ 2. Ms. Ostrander had witnessed other employees safely use their hands to feed meat into the machine. Id. at ¶ 3. She also lacked the knowledge as to the exact workings of the grinder. Depo. Ostrander at 150:9. The lack of warnings on the machine, and the usage of the machine by other employees, demonstrates that the dangers of using the machine were not open and obvious. Following the standard set forth in the Restatement, there is sufficient evidence to require a duty to warn and therefore it is proper to allow this issue to be determined by a trier of fact.

### C. THE RISK PRESENTED BY THE GRINDER WAS NOT OBVIOUS AND THUS THE DEFENDANT HAD A DUTY TO WARN.

The Defendant is asserting that the dangers that the grinder posed were open and obvious to any user and therefore they should not have a duty to warn of these dangers. In Plante v. Hobart Corporation, the First Circuit Court of Appeals encountered a case where a man suffered injury from putting his hand into a grinder. 771 F.2d 617 (1985). The grinder in question carried two warnings attached to the machine. Id. at 618. One of these warnings specifically stated that a person should not place their hands into the feed opening of the cylinder. Id. The court held that no additional warnings were required because the plaintiff understood the warnings that were provided to him. Id. at 620-621.

In <u>Lussier v. Louisville Ladder Company</u>, the First Circuit held that, when a person already had knowledge about the dangers of operating a ladder in an unsafe manner, the manufacturer is under no duty to warn about that danger. 938 F.2d. 299 (1991). The Supreme Judicial Court of Massachusetts also held that a person's personal knowledge of dangers meant that no warnings by the manufacturer would have avoided the harm. <u>Colter v. Barber-Green Company</u> 403 Mass. 50 (1988).

In <u>Barbosa v. Hopper Feeds, Inc.</u>, the SJC again recognized that a person's knowledge about the dangers a machine posed were important. 404 Mass. 610 (1989). The Court said that the trial court properly declined a jury instruction, regarding the manufacturer not having a duty to warn, because the injured party did not have "superior knowledge of the dangers posed by the machine." <u>Id.</u> at 616. When a plaintiff admitted that he needed no warnings to tell him that it was unsafe to stand at the top of a ladder, the SJC held that the manufacturer had no duty to warn. <u>Carey v. Lynn Ladder and Scaffolding Company, Inc.</u> 427 Mass. 1003 (1998).

In the instant case, the Plaintiff did not have the knowledge that feeding meat through the grinder by hand posed any risk of injury. <u>Affidavit</u> of Ostrander ¶ 2. The Plaintiff has stated that she still does not know how the grinder works. <u>Depo</u>. Ostrander 142:8 to 143:2. There has been no evidence presented that speaks to the contrary.

The law in Massachusetts is that a manufacturer's duty to warn is only obviated when the user is aware of the danger posed by the machine. Since the Plaintiff was not aware of the risks of feeding meat through the machine by hand, a warning is required to inform her of the dangers. Therefore the trier of fact could determine that the Defendant had a duty to warn.

## IV. Conclusion

For the foregoing reasons, the Plaintiff, Melissa Ostrander, respectfully requests that this court deny the Defendant's Motion For Partial Summary Judgment.

Respectfully Submitted
For the Plaintiff,
By her attorney

*Hal Etkin*
Hal Etkin, Esquire
14 Hubbard Ave. 2nd Floor
Springfield, MA 01105
(413) 739-9950
BBO# 543869
