UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELISSA OSTRANDER, Plaintiff | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-30197-MAP |
| | ) |
| HUSSMANN CORPORATION, | ) |
| Defendant | ) |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON WARNINGS CLAIMS

Now comes the defendant and moves the court to strike plaintiff's affidavit filed with her opposition to defendant's motion for summary judgment on her failure to warn claim. As grounds, the defendant states that the plaintiff's affidavit contradicts her deposition testimony and ought not to be credited to allow her to thwart summary judgment. If permitted to reply, the defendant submits as follows:

1.  The law is clear where a party "has given clear answers to unambiguous questions, [s]he cannot create a conflict and resist summary judgment with an affidavit which is clearly contradictory, but does not give a satisfactory explanation why the testimony is changed." Colantuoni v. Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994).

2.  In her affidavit, the plaintiff states she believed the presence of meat between her hand and the inner workings of the grinder protected her hand from any injury, although she knew sticking her hand in the grinder could result in injury.

Plaintiff's Affidavit, ¶2. She states this belief - - that she was protected from injury due to the presence of meat - - by seeing others use the machine without injury. Id., ¶3. Her belief was further based on the fact there was no guard. Id., ¶4. She adds she did not know the "exact distance" between the feed hole and the part of the machine where meat was ground. Id., ¶5.

3.  In plaintiff's deposition she admitted there were moving parts down the feed hole. Plaintiff's deposition, at 142.[1] There is a clearly visible throat which runs vertically down from the feed hole. The plaintiff does not dispute it is 4-1/2 inches long.[2] After the vertical feed throat, the grinder has a horizontally positioned

---

[1] Question: Did you understand that there was some moving parts down [the feed hole] that ground hamburger? Answer: Yes.

[2] The defendant posited, as an undisputed material fact in its principal brief, that the feed throat was 4-1/2 inches long. Since the plaintiff did not controvert this assertion in its opposition, this fact is deemed admitted. Local Rule 56.1 (sentence 5).

2

cylinder from which ground hamburger is extruded, as shown below.



*A Figure 1. Meat Grinder*

3.      In her deposition the plaintiff stated she knew there was something down the hole which was dangerous, something that spun, either sharp razors or a cylinder.[3] She knew down the feed hole there were moving parts and those moving parts were involved in taking a piece of meat and turning it into hamburger. Id., at 142-143. She knew if she dropped a spoon down the feed hole the spoon would get damaged. Id., at 143. She understood before the accident that there was a hazard

---

[3] Question: Before the accident did you understand that down the hole there was something that was dangerous? Answer: Oh, yes. Well, I didn't know if it was - - I still don't know if its like sharp razors that are down there or if there is like a circular spiral thing down there of just metal, I don't know - - I knew there is something down there that spinned, basically. Id., at 142.

3

presented if her hand got started down the feed hole.[4]

4.    The plaintiff's understanding of what might happen if she got her hand caught in the feed hole was: she knew it would be dangerous, but she never thought about it.[5]

5.    The last statement in her deposition contradicts her affidavit assertion that she had thought about this scenario and the meat between her fingers and the grinding portion of the machine would protect her. She has cobbled together this "belief" after the fact to attempt to thwart summary judgment. In deposition she said she never thought about it, so she had no formed no "belief."

6.    She realized before the accident the risk of injury if her hand went "all the way down" the feed throat. Id., at 145. She knew of the existence of the stomper and it was "used to push meat down" the feed throat. Id., at 44.

7.    At bottom, the plaintiff's deposition should be controlling and her

---

[4] Question: Were you aware before the accident of the hazard of if you got your hand started down the [feed] hole? A: Was I aware? Q: There was a hazard if you got your hand started down that hole? A: Well, yes, it is a hazard.

[5] Question: What was your understanding before the accident what might happen if you got your hand caught in there [down feed throat]? Answer: I just knew it would be really dangerous, *I never really thought* in depth how bad it would be, but like I mean when you nail a nail in the wall you can hit your thumb, I mean, you don't always think of small things like that, I never really thought the thought. Id., at 143.

4

affidavit disregarded, since it materially conflicts with her earlier sworn testimony and fails to explain the discrepancies between the two.

WHEREFORE, the defendant respectfully requests the court to strike the plaintiff's affidavit attached to her summary judgment opposition as Exhibit Four.

HUSSMANN CORPORATION,
Defendant

By _____
JOHN B. STEWART
ROSS & ROSS, P.C.
121 State Street, Suite 201
Springfield, MA 01103
(413) 736-2725

"I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING DOCUMENT WAS SERVED UPON EACH PARTY APPEARING PRO SE AND THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL, (IN HAND)

ON ___November 18, 2005___

_____

5