UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELISSA OSTRANDER,
    Plaintiff

CIVIL ACTION NO. 04-30197-MAP

v.

HUSSMANN CORPORATION,
    Defendant)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON WARNING CLAIMS

Now comes the plaintiff and moves the court to deny the defendant's motion to strike plaintiff's affidavit filed with the opposition to defendant's motion for summary judgment on the failure to warn claim. As grounds for said opposition, the plaintiff states the following:

Rule 56(e) allows parties answering motions for summary judgment to use affidavits as part of their answer provided that: "[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

"The rule requires a scalpel, not a butcher knife. The nisi prius court ordinarily must apply it to each segment of an affidavit, not to the affidavit as a whole. Perez et al v. Volvo Car Corp. No.00-1867 (1st Cir. 05/02/2001).

The five paragraphs, which make up the plaintiff's affidavit are based solely on her personal knowledge and are facts that would be admissible in evidence at trial if she testified the same.

The defendant never argues that the five paragraphs of the affidavit are deficient because they do not comport with any procedure requirement of Rule 56(e).

The defendant's only argument is that, "[T]he last statement in her deposition contradicts her affidavit assertion that she had thought about this scenario and the meat between her fingers and the grinding portion of the machine would protect her." Defendant's Motion to Strike Plaintiff's Affidavit…, ¶5.

"In considering a motion for summary judgment, a district court must consider all the evidence before it and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition." See Kennett-Murray Corp. v. Bone, 622 F.2d 887, 893 (5th Cir 1980), citing from Camerlin v. NewYork Central R. Co., 199 F.2d 698, 701 (1st Cir. 1952); Adams v. United States, 392 F. Supp. 1272, 1274 (E.D.Wis.1975).

"An opposing party's affidavit should be considered although it differs from or varies his evidence as given by deposition or another affidavit and the two in conjunction may disclose an issue of credibility." Id,. 893 quoting, 6 Moore's Federal Practice P 56-15(4), [**14] p. 56-522 (2d Ed.) (footnote omitted).

"Thus, a general issue can exist by virtue of a party's affidavit even if it conflicts with earlier testimony in the party's deposition. Id., 893.

In their motion to strike, the defendant's counsel states, "[T]he plaintiff's understanding of what might happen if she got her hand caught in the feed hole was: she knew it would be dangerous, but she never thought about it." Plaintiff's deposition, at 143.[1]

---

[1] Question: "What was your understanding before the accident what might happen if you got your hand caught in there [down feed hole]?" Answer: "I just knew it would be really dangerous, *I never really thought* in depth how bad it would be, but like I mean when you nail a nail in the wall you can hit your thumb, I mean, you don't always think of small things like that, I never really thought the thought"

2

What is important to note is that counsel for the defendant never asked the plaintiff "what she meant when she said she never thought about. Further, he never asked "why she continued to feed the meat into the grinder with her hand if she knew it to be dangerous."

Both of these questions counsel for the defendant had opportunity to do so during the deposition.

<u>The plaintiff's affidavit simply clarifies any confusion as to her belief at the time of the deposition based solely on her personal knowledge.</u>

To believe the defendant's argument that the affidavit creates a conflict with her deposition testimony asks the reader to disregard what the plaintiff states when she said that "she never thought about it" and disregards her "thoughts" as stated in her affidavit.

The affidavit of the plaintiff was not contradictory as alleged by the defendant and therefore should be considered as part of her motion in opposition to defendant's motion for summary judgment.

 

MELISSA OSTRANDER
By her attorney


*Hal Etkin*
Hal Etkin, Esquire
14 Hubbard Avenue, 2nd Floor
Springfield, MA 01105
Tel: (413) 739-9950
Fax: (413) 731-8290
BBO#: 543869

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing document was served upon each party appearing pro se and the attorney of record for each party by mail, on November 30, 2005.

Attorney John B. Stewart
Ross & Ross, P.C.
121 State Street, Suite 201
Springfield, MA 01103

*Hal Etkin*
Hal Etkin, Esquire